PER CURIAM.
Thomas W. Fierstos appeals the denial of his motion made pursuant to Florida Rule of Criminal Procedure 3.850. In his motion he *1118 raises a wide variety of irregularities in his trial, most relating to the effectiveness of trial counsel. Only two merit discussion here.
Appellant claims trial counsel coerced him into not testifying. This he claims was accomplished by threat (that the attorney in question stated that he would pick up his papers and leave if appellant testified) and by ruse (that he was “railroaded” out of the courtroom before being given an opportunity to testify). The record before this court does not refute these allegations, which, if true, might be sufficient to vacate his conviction. Unless such record proof is available, appellant is entitled to an evidentiary hearing on this issue. Gill v. State, 632 So.2d 660 (Fla. 2d DCA 1994).
Trial counsel were deficient, appellant asserted, for failing to seek a jury instruction for the theory of an independent act. This instruction is appropriate if there is evidence a defendant had withdrawn from the criminal enterprise before an independent act which results in another crime. Bryant v. State, 412 So.2d 347 (Fla.1982). The trial court, which adopted a memorandum from the State Attorney and made it part of its order, rejected this claim, citing portions of the trial transcript. No appendix was provided to this court on review, so there is no part of the record which refutes appellant’s claim. Accordingly, appellant is entitled to an evidentiary hearing unless portions of the record can be produced which show the inappropriateness of the instruction. If, in fact, at such a hearing appellant can show that counsel erred in failing to ask for the instruction, he would also have the burden of establishing that the shortcoming fell below an objective standard of reasonableness. He would likewise be required to show that there is a reasonable probability that, but for the error, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 688, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984).
Of the remaining points raised by appellant, the trial court correctly denied them without an evidentiary hearing.
Any party aggrieved by a subsequent ruling of the trial court in this matter must file a notice of appeal within thirty days thereof to seek appellate review.
Affirmed in part, reversed in part, and remanded.
THREADGILL, C.J., and CAMPBELL and WHATLEY, JJ., concur.