PER CURIAM.
John W. Childers timely appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Childers’ first claim is refuted by the record, and w'e affirm' without discussion. But we reverse and remand for further proceedings on his second claim alleging ineffective assistance of counsel.
In 1996, Childers was convicted of first-degree murder for the 1983 death of his wife. The details of this crime are set out in this court’s decision affirming his conviction. Childers v. State, 713 So.2d 431 (Fla. 2d DCA 1998). Childers fled after the crime and was not arrested for over ten years. When he was tried, the statute of limitations had run for the lesser included offenses. The trial court refused to instruct the jury on the lesser included offenses unless Childers waived the statute of limitations, which he declined to do.
One of the lesser included offenses encompassed within Childers’ charge was second-degree murder, a first-degree felony. Second-degree murder with a weapon would have been reclassified as a life felony, which would not have been barred by the statute of limitations. See State v. Trejo, 555 So.2d 1321 (Fla. 2d DCA 1990). In his second claim for postconviction relief, Childers alleged that he received ineffective' assistance of counsel when his attorney failed to request a jury instruction for second-degree murder with a weapon. In summarily denying relief on this claim, the trial court found that the instruction would not have been allowed because the indictment failed to charge the use of a weapon or firearm.
*710 The indictment charged that Childers committed premeditated murder “by inflicting wounds and injuries upon her with his hands or another object.” The evidence showed that a hammer was used to strike blows to the victim’s head. Although the charging document did not specifically allege the use of a “weapon,” nor did it cite the enhancement statute, an affirmative request by the defense for a jury instruction on second-degree murder with a weapon would have constituted a waiver of any defect in the charging document. See Ray v. State, 403 So.2d 956 (Fla.1981). Because this lesser included offense would not have been barred by the statute of limitations and a defense request for the jury instruction would have precluded a later argument by Childers that he was convicted of a crime that was not properly charged, the trial court erred by summarily denying relief on this claim of ineffective assistance.
On remand, unless the record conclusively refutes this claim, the trial court should conduct an evidentiary hearing, which may reveal that counsel made a reasoned tactical decision. See Dauer v. State, 570 So.2d 314 (Fla. 2d DCA 1990). See also Strickland v. Washington, 466 U.S. 668, 689, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (“[T]he defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound strategy.”) (citation and internal punctuation omitted). If Childers can show that counsel erred in failing to ask for the instruction, “he would also have the burden of establishing that the shortcoming fell below an objective standard of reasonableness. ' He would likewise be required to show that there is a reasonable probability that, but for the error, the result of the proceeding would have been different.” Fierstos v. State, 658 So.2d 1117, 1118 (Fla. 2d DCA 1995) (citing Strickland, 466 U.S. at 688, 104 S.Ct. 2052).
Affirmed in part; reversed in part; and remanded.
BLUE, C.J., and GREEN and SALCINES, JJ., concur.