809 So.2d 38 (2002)
Jason B. RICHARDS, Petitioner,
v.
STATE of Florida, Respondent.
No. 5D01-3343.
District Court of Appeal of Florida, Fifth District.
February 1, 2002.
Rehearing Denied March 7, 2002.
*39 Jason B. Richards, Jasper, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Robert E. Bodnar, Jr., Assistant Attorney General, Daytona Beach, for Respondent.
PLEUS, J.
Petitioner, Jason Richards, was tried and convicted of carjacking with a firearm, robbery with a firearm, kidnaping with a firearm and arson. His convictions were per curiam affirmed on appeal. See Richards v. State, 773 So.2d 560 (Fla. 5th DCA 2000). He now seeks habeas relief, claiming his appellate counsel was ineffective.
A petitioner claiming ineffective assistance of appellate counsel carries a heavy burden. To prevail on such a claim, the petitioner must first establish that counsel's performance was deficient in that counsel's alleged omissions were of such magnitude as to constitute a serious error or substantial deficiency falling measurably outside the range of professionally acceptable performance. Second, the petitioner must establish that he or she was prejudiced because counsel's deficiency compromised the appellate process to such a degree as to undermine confidence in the correctness of the result. Rutherford v. Moore, 774 So.2d 637, 643 (Fla.2000). The burden is on the petitioner to allege specific, serious omissions concerning issues which are errors affecting the outcome of the appeal and not merely harmless error. Freeman v. State, 761 So.2d 1055, 1069 (Fla.2000).
Appellate counsel is not ineffective for failing to raise an argument which, in all probability, would have been found to be meritless or procedurally barred if raised. Id. In addition, unless the error is fundamental, appellate counsel is not ineffective for failing to raise an issue which was not preserved for review. Downs v. Moore, 801 So.2d 906 (Fla.2001). Furthermore, appellate counsel is not required to raise every conceivable issue. Freeman v. *40 State, 761 So.2d at 1069. See also Provenzano v. Dugger, 561 So.2d 541 (Fla.1990) (appellate counsel need not raise every non-frivolous issue revealed by record, as it is counsel's responsibility to winnow out weaker arguments and focus on those most likely to prevail).
In this case, the petitioner has failed to meet his burden. First, the petitioner failed to establish that he was prejudiced when appellate counsel raised a suppression issue regarding corpus delicti which was not preserved, since raising an issue which is procedurally barred, while futile, does not change the outcome of the appeal. He also failed to show that he was prejudiced by his counsel's failure to raise the suppression issue which was properly preserved because he failed to show that the outcome of the appeal would have changed had counsel raised that issue. See generally, Stephens v. State, 748 So.2d 1028 (Fla.2000). This court must accord substantial deference to trial court's factual findings regarding the voluntariness of petitioner's confession and may not substitute its judgment for that of the trial court.
Petitioner has also failed to establish that appellate counsel's performance was deficient or that he was prejudiced when counsel failed to argue that the trial court committed error when it allowed the prosecutor, during closing argument, to use unauthenticated notes interpreting petitioner's somewhat inaudible taped confession. The record establishes that any error in allowing use of the notes was corrected by the trial court's instructions to the jury and was harmless. Therefore, appellate counsel acted reasonably in failing to pursue this argument.
Finally, petitioner's argument that the trial court erred in failing to instruct the jury on necessarily lesser included offenses was not preserved, as the record establishes that trial counsel did not object to the instructions as given, and the omission of instructions on the lessers did not constitute fundamental error which could have been raised by appellate counsel. See Jones v. State, 484 So.2d 577 (Fla. 1986).
The petitioner has failed to establish ineffective assistance of appellate counsel and his petition for habeas is denied.
DENIED.
PALMER and ORFINGER, R.B., JJ., concur.