840 So.2d 1135 (2003)
Solomon WILLIS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D02-3566.
District Court of Appeal of Florida, Fourth District.
March 26, 2003.
Solomon Willis, Jasper, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, Heidi L. Bettendorf and Daniel P. Hyndman, Assistant Attorneys General, West Palm Beach, for appellee.

*1136 ON MOTION FOR REHEARING AND MOTION FOR CERTIFICATION OF CONFLICT

PER CURIAM.
We deny appellee's Motion for Rehearing, grant appellee's motion for certification of conflict and substitute the following for our previous opinion.
Solomon Willis appeals the summary denial of his rule 3.850 motion for postconviction relief.
Willis was charged with four counts of armed kidnapping and four counts of robbery with a firearm. Following a jury trial, he was convicted of four counts of false imprisonment, a lesser-included offense, and four counts of robbery with a firearm as charged. The trial court sentenced Willis to five years in prison on each of the false imprisonment charges and to 155.25 months, with a three year mandatory minimum sentence on each of the robbery charges.
Willis alleges that his trial attorney was ineffective because he did not object when the trial court failed to instruct the jury that robbery with a weapon is a lesser-included offense of robbery with a firearm.
Robbery with a weapon is a category one lesser-included offense of robbery with a firearm. See Standard Jury Instructions in Criminal Cases, 723 So.2d 123 (Fla.1998). Failure to give a requested instruction on a category one lesserincluded offense is per se reversible error, which is not subject to harmless error analysis. See State v. Abreau, 363 So.2d 1063 (Fla.1978). But, to preserve a jury instruction issue for appellate review, the defendant must object to the instructions given or request other instructions. See Leveritt v. State, 817 So.2d 891, 896 (Fla. 1st DCA 2002); Benton v. State, 650 So.2d 688 (Fla. 1st DCA 1995). Requesting the instruction on a necessarily lesser-included offense is sufficient to preserve the issue for appeal. See Rodriguez v. State, 789 So.2d 513 (Fla. 5th DCA 2001). Although Willis claimed the error in this case is fundamental, the failure to instruct on even a category one lesser-included offense in a non-capital case is not fundamental error. See Richards v. State, 809 So.2d 38 (Fla. 5th DCA 2002)(citing Jones v. State, 484 So.2d 577 (Fla.1986)); Wilson v. State, 786 So.2d 632, 633 (Fla. 4th DCA 2001); Generazio v. State, 727 So.2d 333 (Fla. 4th DCA 1999); Johnson v. State, 695 So.2d 787, 788 (Fla. 1st DCA 1997). As a result, this issue could not have been raised on direct appeal.
The failure to request an instruction on a necessarily lesser-included offense is a legally sufficient ground to support an ineffective assistance of counsel claim. See Smith v. State, 807 So.2d 755 (Fla. 4th DCA 2002). In addition, "[t]he failure to preserve a potentially reversible error for appeal has been found to constitute ineffective assistance of counsel, sufficient to support a rule 3.850 motion." See Daniels v. State, 806 So.2d 563, 564 (Fla. 4th DCA 2002). Willis does not specifically allege counsel failed to request the instruction for the lesser-included offense. Rather he asserts that counsel was ineffective because he did not object when the trial court failed to give this instruction. Pro se motions should be given liberal construction. See Martinez v. Fraxedas, 678 So.2d 489 (Fla. 3d DCA 1996); Ferris v. State, 575 So.2d 303, 304 (Fla. 4th DCA 1991). As a result, we construe Willis' claim as alleging that counsel was ineffective for failing to preserve this issue, whether by failing to object or by failing to request the instruction.
Although the state suggests this issue could have been raised on direct appeal, *1137 the state does not allege and nothing in the record provided shows that counsel requested the instruction. The state attached a portion of the transcript, in which the trial court instructed the jury before deliberations. From the record provided it does not appear that defense counsel requested an instruction on the lesser offense or objected to the instructions given to the jury. The state did not attach the charge conference, which would show whether counsel had requested the instruction.
An evidentiary hearing may reveal that defense counsel made a tactical decision to not request this instruction. See Childers v. State, 800 So.2d 709, 710 (Fla. 2d DCA 2001). However, because Willis' claim is facially sufficient and is not refuted by the record, we reverse and remand for an evidentiary hearing or record attachments conclusively refuting this claim.
Just as the first district certified conflict in Sanders v. State, ___ So.2d ___, 28 Fla. L. Weekly D842, 2003 WL 1610878 (Fla. 1st DCA March 31, 2003) with our decision in Peffley v. State, 766 So.2d 418 (Fla. 4th DCA 2000), together with decisions from the fifth and second districts, we certify conflict with Sanders.
REVERSED AND REMANDED.
SHAHOOD and GROSS, JJ., concur.
KLEIN, J., concurs specially with opinion.
KLEIN, J., concurring specially.
Smith v. State, 807 So.2d 755 (Fla. 4th DCA 2002) and Peffley v. State, 766 So.2d 418 (Fla. 4th DCA 2000), require us to reverse. But for those cases I would affirm.
Appellant argues that his trial counsel was ineffective because he did not request a jury instruction stating that robbery with a weapon is a lesser included offense of robbery with a firearm. He does not contend that there was any evidence that the instrument he used was anything other than a firearm. Accordingly, the only thing appellant could have hoped to gain from such an instruction was that "given the opportunity, the jury would have declined to follow the law" and granted a jury pardon. Hill v. State, 788 So.2d 315, 318 (Fla. 1st DCA 2001).
Appellant assumes that because the failure to give a requested lesser included instruction is per se reversible error on direct appeal, State v. Abreau, 363 So.2d 1063 (Fla.1978), it follows as a matter of course that he is entitled to post-conviction relief. What appellant overlooks, however, and what this court did not address in Smith and Peffley, is the distinction between prejudicial error on direct appeal, and the demonstration of ineffective assistance of counsel under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In Hill, Judge Allen, writing for the court, explained:
Significantly, the test for prejudicial error in conjunction with a direct appeal is very different from the test for prejudice in conjunction with a collateral claim of ineffective assistance. There are different tests because, once a conviction becomes final, a presumption of finality attaches to the conviction. See Brecht v. Abrahamson, 507 U.S. 619, 633, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993); Goodwin v. State, 751 So.2d 537, 546 (Fla.1999). Thus, as Goodwin explains, the test for prejudice on direct appeal is the harmless error test of Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), under which trial court error will result in reversal unless the prosecution can prove "beyond a reasonable doubt" that the error did not contribute to the verdict *1138 obtained. Conversely, however, as explained in Strickland, prejudice may be found in a collateral proceeding in which ineffective assistance of counsel is claimed only upon a showing by the defendant that there is a "reasonable probability" that counsel's deficient performance affected the outcome of the proceeding.
Hill, 788 So.2d at 318, 319.[1]
The reason that the failure to give a requested instruction on a lesser included offense is per se reversible on direct appeal is because "it is impossible to determine whether the jury, if given the opportunity, would have `pardoned' the defendant to the extent of convicting him" of the lesser included offense. Abreau, 363 So.2d at 1064. A jury pardon, however, is essentially "a not guilty verdict rendered contrary to the law and evidence" and is an aberration. State v. Wimberly, 498 So.2d 929, 932 (Fla. 1986)(Shaw, J., dissenting). It is also contrary to Standard Jury Instruction 2.8, which tells the jury that if it does "return a verdict of guilty, it should be for the highest offense which has been proven beyond a reasonable doubt."
Given (1) the impossibility of determining whether appellant would have been granted a jury pardon, (2) the fact that such pardons are rare, and (3) that they are contrary to the evidence and the law, appellant cannot, in my opinion, demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694, 104 S.Ct. 2052.
In Hill, the first district authorized postconviction relief because it was bound to do so by precedent. That court has recently receded from that precedent in Sanders v. State, ___ So.2d ___, 28 Fla. L. Weekly D842, 2003 WL 1610878 (Fla. 1st DCA March 31, 2003), and certified direct conflict, so that our supreme court will be able to resolve this issue.
NOTES
[1] We have recognized that an error which would result in a reversal on a main appeal, if raised, would not necessarily be a basis for post-conviction relief in Jenkins v. State, 824 So.2d 977 (Fla. 4th DCA 2002)(defense counsel's failure to object that the state's peremptory challenge of a black juror was based on race could not be sufficiently prejudicial to support post-conviction relief).