855 So.2d 1157 (2003)
Glenn JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
No. 4D02-2799.
District Court of Appeal of Florida, Fourth District.
September 24, 2003.
*1158 Glenn Johnson, Crestview, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Laura Fisher Zibura, Assistant Attorney General, West Palm Beach, for appellee.
GROSS, J.
Glenn Johnson seeks review of a trial court's order entered after an evidentiary hearing on three claims presented in his timely filed rule 3.850 motion. We affirm and write concerning Johnson's third point.
Appellant was charged with strong arm robbery, a second degree felony. See § 812.13(2)(c), Fla. Stat. (1997). He complains that his lawyer did not request a charge on the lesser included offense of resisting a merchant, section 812.015(6), Florida Statutes (1997), a first degree misdemeanor. The jury was instructed on the lesser included offenses of battery, a first degree misdemeanor, and petit theft, a second degree misdemeanor.
Appellant was convicted of strong arm robbery, which occurred at a Wal-Mart. Paul Bellin, the store manager, testified that he saw a male heading to the front door with some fishing poles. Bellin did not see the required pink security sticker. He testified that he recognized appellant. When he was about five feet away from appellant, Bellin called several times for him to stop and drop the poles.
*1159 Soon after, appellant was in the parking lot, where he was observed by the cart collector, Alberto Santiago. A struggle between the two ensued; appellant bit Santiago twice, first in the neck and then the armpit.
At the hearing on the post-conviction relief motion, trial counsel acknowledged that he had not thought of the offense of resisting a merchant as a lesser included offense, though he knew it could be useful depending on the circumstances. Nonetheless, counsel testified that inclusion of that offense as a lesser included offense would have been contrary to Johnson's defensethat he did not know that Santiago was a merchant.
After the post-conviction relief hearing, the trial court found no prejudice under State v. Abreau, 363 So.2d 1063 (Fla.1978). Abreau holds that the failure to charge on lesser included offenses may be harmless error where the instructions given provide the jury with "a fair opportunity to exercise its inherent `pardon' power." Id. at 1064. Here, the trial judge found that the error was harmless, since the jury had a fair opportunity to exercise its pardon power by convicting appellant of battery, a first degree misdemeanor, as is resisting a merchant. The biting of Santiago would have supported a conviction under either charge.
Resisting a merchant is a category two lesser included offense of robbery. See Fla. Std. Jury Instr. (Crim.), Schedule of Lesser Included Offenses. This court has held that the failure to request such a lesser included offense may state a claim for post-conviction relief. See Willis v. State, 840 So.2d 1135, 1136 (Fla. 4th DCA 2003); Smith v. State, 807 So.2d 755, 756 (Fla. 4th DCA 2002); Peffley v. State, 766 So.2d 418 (Fla. 4th DCA 2000).
We find no legal error in the trial court's determination that the failure to charge resisting a merchant amounted to harmless error under Abreau. If the harmless error test under Abreau has been satisfied, then it follows that there can be no prejudice under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). This is because of the fundamental difference between the harmless error test that is applied on direct appeal and the prejudice prong of Strickland. As the first district has explained:
Significantly, the test for prejudicial error in conjunction with a direct appeal is very different from the test for prejudice in conjunction with a collateral claim of ineffective assistance. There are different tests because, once a conviction becomes final, a presumption of finality attaches to the conviction. Thus, as Goodwin [v. State, 751 So.2d 537, 546 (Fla.1999)] explains, the test for prejudice on direct appeal is the harmless error test of Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), under which trial court error will result in reversal unless the prosecution can prove "beyond a reasonable doubt" that the error did not contribute to the verdict obtained. Conversely, however, as explained in Strickland, prejudice may be found in a collateral proceeding in which ineffective assistance of counsel is claimed only upon a showing by the defendant that there is a "reasonable probability" that counsel's deficient performance affected the outcome of the proceeding.
It is entirely reasonable that the Chapman test is not satisfied where a trial court has improperly failed to honor a defense request for an instruction on a lesser included offense. Because we know that jury pardons are occasionally *1160 awarded by aberrant juries, it would be difficult for an appellate court to conclude beyond a reasonable doubt that a jury in a particular case, given the opportunity, would not disobey the law and grant a pardon. And if a trial court's refusal to grant a defense request for an instruction as to an applicable lesser included offense were considered harmless upon a finding of guilt as to the greater offense, there would be no remedy for a trial court's failure to comply with the law relating to the giving of instructions for lesser included offenses. A finding of prejudice in the direct appeal context is therefore appropriate both as a proper application of the Chapman test and as a necessary enforcement mechanism. But these considerations do not apply in the context of a collateral proceeding in which ineffective assistance of counsel is claimed for failure to request an instruction as to a lesser included offense. In this content [sic], there has been no trial court error. And, although it is "conceivable" that a jury in a given case might decline to follow the law and grant a jury pardon, this does not seem to us a reasonable probability. We recognize that a finding of reasonable probability under Strickland does not require a finding that it is more likely than not that the deficient performance of counsel affected the outcome of the proceeding. It requires only a finding that the deficient performance put the whole case in such a different light as to undermine the court's confidence in the outcome of the proceeding. But we have difficulty accepting the proposition that there is even a substantial possibility that a jury which has found every element of an offense proved beyond a reasonable doubt, would have, given the opportunity, ignored its own findings of fact and the trial court's instructions on the law and found a defendant guilty of only a lesser included offense.
Sanders v. State, 847 So.2d 504, 506-07 (Fla. 1st DCA 2003) (emphasis in original) (additional citations omitted) (en banc) (quoting Hill v. State, 788 So.2d 315, 318-19 (Fla. 1st DCA 2001), review denied, 807 So.2d 655 (Fla.2002)).[1]
Because the trial court found that the failure to give the resisting a merchant instruction was harmless, in light of the instructions given, that finding precludes a finding that the failure to instruct could satisfy the prejudice prong of Strickland.
STEVENSON and HAZOURI, JJ., concur.
NOTES
[1] We acknowledge that we have certified conflict with Sanders. See Willis, 840 So.2d at 1137. In Willis, Smith, and Peffley, this court remanded summary denials, directing that the trial courts either conduct evidentiary hearings or provide further attachment to refute the defendants' claim of counsels' deficiency and prejudice associated with the failure to request a necessarily lesser included offense. Sanders declined to do so. This case differs as appellant had the benefit of an evidentiary hearing, and as a result, this court has a complete record allowing thorough review of the trial court's conclusion that the error was harmless.