PER CURIAM.
Appellant, Marica White, challenges the summary denial of grounds one through four of her motion for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We find summary denial of grounds one and two of the motion was improper. The remaining grounds were properly denied.
Following a second jury trial, Appellant was convicted of first-degree murder, robbery with a deadly weapon, and kidnaping with a weapon. In her first ground for relief, Appellant alleged trial counsel was ineffective for failing to assert her speedy trial rights. Because Appellant stated a facially sufficient claim, the trial court must hold an evidentiary hearing or attach portions of the record refuting the claim. See Burke v. State, 855 So.2d 207 (Fla. 1st DCA 2003).
In her second ground for relief Appellant alleged trial counsel was ineffective for failing to request an independent act jury instruction. The trial court did not attach portions of the record indicating Appellant would not be entitled to an independent act instruction. Thus, the record does not conclusively refute Appellant’s claim that her attorney should have requested an independent act instruction. See Fierstos v. State, 658 So.2d 1117 (Fla. 2d DCA 1995).
Accordingly, we reverse and remand the denial of grounds one and two of Appellant’s motion for the trial court to either hold an evidentiary hearing or attach-portions of the record conclusively refuting those claims. The denial of the remaining grounds of Appellant’s motion is affirmed.
*90 AFFIRMED in part and REVERSED and REMANDED. .
ALLEN, LEWIS, and HAWKES, JJ., concur.