CASANUEVA, Judge.
The State of Florida appeals from the postconviction court’s order vacating Rico Shandel Young’s judgment and sentence and granting him a new trial on the charge of armed burglary of a conveyance. Mr. Young alleged that his counsel was ineffective for failing to object to the jury instructions or to request that the trial court instruct the jury on the necessarily lesser-included offense of simple burglary. Because the postconviction court inappropriately granted rehearing of an earlier order denying relief on this ground and neglected to examine whether Mr. Young was prejudiced by his counsel’s alleged errors, we reverse and remand for reinstatement of the judgment and sentence.
After Mr. Young unsuccessfully appealed his convictions and sentences for armed burglary of a conveyance, grand theft of a firearm, and resisting a law enforcement officer without violence, he filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. Among other allegations, Mr. Young challenged his attorney’s failure to insure that the jury was instructed on the necessarily lesser-included offense of simple burglary. After holding an evidentiary hearing, Judge Jack Espinosa Jr. denied Mr. Young’s motion on all grounds, specifically finding that counsel was not ineffective for failing to request the instruction or object to its omission because the jury found Mr. Young guilty of every element of the offense of armed burglary of a conveyance. Judge Espinosa noted that the State proved its case beyond a reasonable doubt, and Mr. Young did not demonstrate “even a substantial probability” that the jury would have returned a guilty verdict on the lesser-included offense. The court also found that Mr. Young had failed to meet the second prong of the Strickland, test.[1] In support of the conclusion that Mr. Young’s motion lacked merit, Judge Espi-nosa cited Sanders v. State, 847 So.2d 504 (Fla. 1st DCA 2003), review granted, 905 So.2d 892 (Fla.2005).
Mr. Young did not appeal the denial of his postconviction motion. He did, however, file a motion for rehearing, pointing out that decisions from this court conflicted with Sanders; in fact, the First District’s en banc decision certified conflict with this court and others[2] on the facial sufficiency *1280 of a postconviction motion asserting ineffective assistance of counsel in failing to request certain jury instructions or in objecting to their omission. A new judge assigned to the division handling Mr. Young’s case, Judge Wayne S. Timmer-man, granted rehearing and held a nonevi-dentiary hearing on this sole ground.[3] After consideration of the parties’ arguments and review of the case law, Judge Timmer-man vacated Mr. Young’s judgment and sentence and ordered a new trial because he was “unable to conclusively refute the Defendant’s allegation that he was entitled to a jury instruction for Simple Burglary.” We agree that Mr. Young was entitled to a jury instruction for simple burglary; however, that fact alone cannot obviate adherence to the stringent standards for proving prejudice in a motion for postconviction relief premised upon the ineffective assistance of trial counsel.
The First District in Sanders, 847 So.2d at 504, and this court in Newton v. State, 527 So.2d 876 (Fla. 2d DCA 1988), addressed summary denials of postconviction motions. Newton held that an allegation of ineffective assistance of trial counsel for failure to request an instruction on a necessarily lesser-included offense is facially sufficient; Sanders, to the contrary, held that such a claim is not even colorable in a rule 3.850 motion. In this case, however, the first postconviction court correctly followed the precedent of this court and held an evidentiary hearing on this issue.
Mr. Young’s trial counsel did not testify at the hearing, but Mr. Young claimed that he never gave his lawyer permission not to ask for an instruction on simple burglary. Although our record in this case is limited, it appears that the State established at trial that the victim discovered Mr. Young holding a screwdriver and hammer near the trunk of his car. One of the car windows had been smashed, and the interi- or was rifled. A handgun that the victim kept in the glove compartment was missing. No witnesses actually saw Mr. Young inside the car, nor did fingerprints or other physical evidence link him to the crimes. At the postconviction relief hearing, Mr. Young explained his theory of the case — that the victim knew him from the neighborhood and assumed that he had committed the crimes when in fact he was only an innocent bystander — but his trial counsel insisted on pursuing a misidentifi-cation defense because the crime occurred late at night.
Mr. Young, who was represented by new counsel at the postconviction hearing, never articulated how an instruction on simple burglary would have benefited his ease. His evidence demonstrated only that he and his counsel had a difference of opinion on strategy, which might have informed counsel’s thinking concerning the jury instructions. The record of the charge conference was not attached to the order denying relief, but the instructions were attached. Simple burglary was not included, but the jury was instructed on armed trespass and trespass in a conveyance as lesser offenses of armed burglary of a conveyance.
Given 'this insubstantial evidence, the first postconviction court correctly denied relief. A question remains whether Mr. Young actually established that his counsel’s performance was deficient. Never *1281 theless, the first postconviction court expressly found that Mr. Young had not proved that he was prejudiced by his counsel’s alleged ineffectiveness, and the court cited the Strickland prejudice analysis from Sanders to emphasize its decision. In Sanders, the First District held that there was not “even a substantial possibility” that a jury would have found the defendant guilty of the lesser-included offense because to do so would require the jury to ignore its own findings of fact and the trial court’s instructions on the law — in essence, to grant the defendant a jury pardon. Sanders, 847 So.2d at 507 (quoting Hill v. State, 788 So.2d 315, 319 (Fla. 1st DCA 2001)).
On rehearing, the second postcon-viction court was apparently swayed by the defendant’s argument that failure to instruct on a necessarily lesser-included offense, if requested, constitutes per se reversible error on direct appeal. See Miller v. State, 870 So.2d 15, 17 (Fla. 2d DCA 2003) (citing State v. Abreau, 363 So.2d 1063, 1064 (Fla.1978); Cox v. State, 618 So.2d 291 (Fla. 2d DCA 1993)). Assuming that the instruction was omitted due to counsel’s incompetence rather than strategy, counsel’s deficient performance arguably deprived Mr. Young of the ability to raise the issue on appeal. But that is not the standard for determining prejudice under Strickland. Rather, a postcon-viction court must consider whether its confidence in the outcome has been so undermined that there is a reasonable probability that, but for counsel’s deficiencies, the results of the proceeding would be different. 466 U.S. at 694, 104 S.Ct. 2052. The Strickland Court emphasized that “the ultimate focus of inquiry must be on the fundamental fairness of the proceeding whose result is being challenged.” Id. at 669, 104 S.Ct. 2052. Furthermore, the potential for a jury pardon should not divert the postconviction court’s attention:
In making the determination whether the specified errors resulted in the required prejudice, a court should presume, absent challenge to the judgment on grounds of evidentiary insufficiency, that the judge or jury acted according to law. An assessment of the likelihood of a result more favorable to the defendant must exclude the possibility of arbitrariness, whimsy, caprice, “nullification,” and the like. A defendant has no entitlement to the luck of a lawless decision-maker, even if a lawless decision cannot be reviewed. The assessment of prejudice should proceed on the assumption that the decisionmaker is reasonably, conscientiously, and impartially applying the standards that govern the decision.
Id. at 694-95, 104 S.Ct. 2052.
The theory of entitlement to a potential jury pardon is largely responsible for the rule requirement that trial courts instruct on necessarily lesser-included offenses, if requested, or risk reversal on appeal in the face of a jury’s finding of guilt on the greater charge. See Mosley v. State, 482 So.2d 530, 531-32 (Fla. 1st DCA 1986). “The jury pardon concept has become ingrained in the rules of criminal procedure relating to determination of degree of offense and determination of attempts and lesser included offenses.” Vickery v. State, 869 So.2d 623, 625-26 (Fla. 5th DCA 2004) (Sawaya, C.J., concurring) (citing Fla. R.Crim. P. 3.490, 3.510(b)). “A jury pardon, however, is essentially ‘a not guilty verdict rendered contrary to the law and evidence’ and is an aberration.” Willis v. State, 840 So.2d 1135, 1138 (Fla. 4th DCA 2003) (Klein, J., concurring) (quoting State v. Wimberly, 498 So.2d 929, 932 (Shaw, J., dissenting)). In the postconviction context, the jury-pardon concept has little viability.
*1282 When the second postconviction court entered its order, this court had not issued its en banc decision in State v. Bouchard, 922 So.2d 424 (Fla. 2d DCA 2006), which held that even if an attorney’s failure to preserve an issue for appellate review falls below the standard of reasonable competence, the defendant must nevertheless demonstrate that the attorney’s failure to object was inexcusable and that there is a reasonable possibility that the outcome of the trial would have been different if the objections had been made. In Bouchard, we receded from Van Loan v. State, 872 So.2d 330 (Fla. 2d DCA 2004), a case on which Mr. Young’s counsel relied at the nonevidentiary hearing before the second postconviction court. Van Loan held that the defendant was entitled to postconviction relief for counsel’s failure to object to an error which, if preserved, would have entitled the defendant to reversal on direct appeal. However, the court in Van Loan failed to conduct a meticulous prejudice analysis.
Ironically, in Bouchard, this court quoted Sanders extensively and favorably on the vastly divergent standards for finding reversible error on direct appeal and prejudice in the postconviction context:
Significantly, the test for prejudicial error in conjunction with a direct appeal is very different from the test for prejudice in conjunction with a collateral claim of ineffective assistance. There are different tests because, once a conviction becomes final, a presumption of finality attaches to the conviction.... [T]he test for prejudice on direct appeal is the harmless error test ... under which trial court error will result in reversal unless the prosecution can prove “beyond a reasonable doubt” that the error did not contribute to the verdict obtained. Conversely, however, as explained in Strickland, prejudice may be found in a collateral proceeding in which ineffective assistance of counsel is claimed only upon a showing by the defendant that there is a “reasonable probability” that counsel’s deficient performance affected the outcome of the proceeding.
Bouchard, 922 So.2d at 428-29 (quoting Sanders, 847 So.2d at 506-07) (citations omitted). Here, Mr. Young was given an opportunity but failed to demonstrate a reasonable probability that his attorney’s allegedly deficient performance so permeated the trial proceeding that the court’s confidence in the outcome was undermined. In a similar appeal from the denial of a motion for postconviction relief after an evidentiary hearing, the Fourth District, in Johnson v. State, 855 So.2d 1157, 1160 (Fla. 4th DCA 2003), recognized that it had certified conflict with Sanders[4] but nevertheless held that even though it was “conceivable” that a jury would decline to follow the law and grant a pardon, the probability was not “reasonable.”
That probability is far less than “reasonable” in this case given the jury’s guilty verdict on the charge of grand theft of a firearm. Nothing in the record before us (which is admittedly slim) suggests that the object of the grand theft was anything other than the firearm with which Mr. Young became armed during the course of the burglary of the vehicle. Thus, as the first postconviction court concluded, the State proved armed burglary beyond all reasonable doubt, rendering any error in the jury instructions harmless.
In sum, the first postconviction court correctly cited the Sanders rationale for the principle that the defendant must actually prove prejudice. This enormous barrier to postconviction relief cannot be over *1283 come by mere speculation that the jury would have ignored its own fact findings and the judge’s legal instructions to find the defendant guilty of a lesser offense.
Reversed and remanded for reinstatement of the judgment and sentence.
ALTENBERND and WHATLEY, JJ., Concur.

. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

. Newton v. State, 527 So.2d 876 (Fla. 2d DCA 1988); Peffley v. State, 766 So.2d 418 (Fla. 4th *1280 DCA 2000); Oehling v. State, 659 So.2d 1226 (Fla. 5th DCA 1995). Other cases that conflict with Sanders include Vickery v. State, 869 So.2d 623 (Fla. 5th DCA 2004); and Willis v. State, 840 So.2d 1135 (Fla. 4th DCA 2003).

. Neither party raised, either on appeal or during the proceedings below, any concern about the propriety of a successor judge entertaining the motion for rehearing. Therefore, we will not address this matter.

. See Willis, 840 So.2d at 1137.