EVANDER, J.
 

 Lazaro Gomez appeals from his conviction for attempted first degree murder with a firearm. He contends that the trial court committed fundamental error by 1) failing to instruct the jury on justifiable attempted homicide and 2) failing to instruct the jury on the necessarily lesser-included offense of attempted first degree murder
 
 without
 
 a firearm. We affirm.
 

 The victim was Gomez’ former girlfriend. She testified that Gomez had driven to her place of employment and demanded that she get into his car. When she refused, Gomez pointed a gun at her and repeated his demand. When the victim still refused, Gomez shot her in the neck, rendering her a quadriplegic. The victim’s testimony was corroborated by several eyewitnesses.
 

 During the charge conference, defense counsel
 
 [1]
 
 requested the giving of the definition of excusable homicide but advised the court that the justifiable homicide definition was “not really applicable.” Based on defense counsel’s statement, the prosecutor agreed to delete the definition of justifiable homicide from the proposed jury instructions. As to lesser-included offenses, the trial court granted defense counsel’s request to instruct the jury on attempted second degree murder with a firearm, attempted voluntary manslaughter with a firearm, and aggravated battery causing great bodily harm or with a firearm. There was no request for an instruction on attempted first degree murder
 
 without
 
 a firearm.
 

 We find that defense counsel specifically waived the right to have the jury instructed on justifiable attempted homicide by advising the trial court that the instruction was not applicable.
 
 Armstrong v. State,
 
 579 So.2d 734 (Fla.1991).
 
 [2]
 

 Gomez’ second argument on appeal must also fail. A trial court must instruct the jury on necessarily-included
 
 *702
 
 lesser offenses when a timely request is made to do so.
 
 Rodriguez v. State,
 
 789 So.2d 513, 514 (Fla. 5th DCA 2001). When there is no timely request made by the defendant, a trial court’s failure to instruct on a necessarily-lesser included offense in a non-capital case does not constitute fundamental error.
 
 See Jones v. State,
 
 484 So.2d 577 (Fla.1986);
 
 Richards v. State,
 
 809 So.2d 38 (Fla. 5th DCA 2002).
 

 AFFIRMED.
 

 MONACO and LAWSON, JJ, concur.
 

 [1]
 

 . Gomez' appellate attorney was not trial counsel.
 

 [2]
 

 . Gomez’ reliance on
 
 Ahmed v. State,
 
 984 So.2d 676 (Fla. 5th DCA 2008) is misplaced. Because of the State’s concession of error in
 
 Ahmed,
 
 that opinion sets forth few facts and, thus, is of limited precedential value. Significantly, there is nothing in the
 
 Ahmed
 
 opinion that suggests the defendant affirmatively requested the deletion of the definition of justifiable homicide from the jury instructions.