EVANDER, J.
Marsaias Wade was charged in a five-count information with the following: Count I — attempted carjacking; Count II — kidnapping with intent to commit a felony with a firearm; Count III — aggravated assault with a firearm; Count IV— conspiracy to commit robbery with a deadly weapon; and Count V — attempted robbery with a firearm. The jury acquitted Wade on Count II, returned a guilty verdict on Count III for the lesser-included offense of assault, and found him guilty as charged on Counts I, IV and V. The trial court subsequently set aside the conviction on Count I.[1]
On appeal, Wade challenges only his convictions for conspiracy to commit robbery with a deadly weapon (Count IV) and attempted robbery with a firearm (Count V). He argues that the trial court erred in failing, upon request, to instruct the jury on the lesser-included offenses of conspiracy to commit robbery and attempted robbery. We reverse.
The State properly concedes that the trial court committed error in failing to instruct the jury on the lesser-included offense of attempted robbery. See Gomez v. State, 5 So.3d 700, 701-02 (Fla. 5th DCA 2009) (“A trial court must instruct the jury on necessarily-included lesser offenses when a timely request is made to do so.”). However, the State argues that Wade failed to preserve for appellate review his claim regarding the failure to instruct the jury on the lesser-included offense of conspiracy to commit robbery. We disagree. Although defense counsel’s argument at the charge conference was less than artful, the trial court seemed clearly aware of the request:
I’m going to go out on a limb and deny the request. Although, again, I understand exactly what you’re saying. With the exception of the requested lessors on the attempt and conspiracy charges, are there any additional or different lessers that you would be requesting?
*972 (Emphasis added). Because the trial court was aware of defense counsel’s requests and denied the same, the purpose for the contemporaneous objection rule was satisfied and the issue preserved. See Pacheco v. State, 698 So.2d 598, 595 (Fla. 2d DCA 1997) (holding issue was preserved where record reflected that trial court believed defense counsel had made objection to admissibility of evidence and overruled that objection); see also Daniels v. State, 121 So.3d 409, 417 (Fla.2013) (“The salient purpose of the rule of contemporaneous objection is to place the trial judge on notice that error may have been committed and provide the court with an opportunity to correct the error at that time.”).
REVERSED and REMANDED for a new trial on the charges of conspiracy to commit robbery with a deadly weapon and attempted robbery with a firearm.
BERGER and LAMBERT, JJ., concur.

. Wade was sentenced to fifteen years on the attempted robbery with a firearm charge and five years’ probation on the conspiracy to commit robbery with a deadly weapon count. On the assault charge, Wade was sentenced to "time served.”