POLSTON, J.,
concurring.
I concur with the majority’s opinion in all respects, 'including its decision to approve the Fourth District’s affirmance of Dean’s convictions. I acknowledge that under this Court’s precedent the trial court’s failure to givé a requested jüry instruction on a necessarily lesser included offense one step removed from the charged offense is per se reversible error. See State v. Abreau, 363 So.2d 1063, 1064 (Fla. 1978). However, this rule, and the requirement that a trial'judge always give such a requested instruction, “is bottomed upon a recognition of the jury’s right to exercise its ‘pardon power.’” State v. Wimberly, 498 So.2d 929, 932 (Fla. 1986); see also Abreau, 363 So.2d at 1064 (holding that the failure to instruct on a lesser included offense one step removed “cannot be harmless because it is impossible to determine whether the jury, if given the opportunity, would have ‘pardoned’, the - defendant”). “This ‘pardon power’ allows the jury to acquit a defendant of a greater offense and convict him or her of a lesser one even though the evidence supports both crimes.” Sanders v. State, 946 So.2d 953, 957 (Fla. 2006).
As Justice Canady stated in his dissent in Haygood v. State, 109 So.3d 735, 749 (Fla. 2013) (Canady," J.; dissenting), “[njothing in the Florida Constitution, the Florida Statutes, or the Florida Rules of Criminal Procedure supports our recognition of such a right of áccess to a partial jury nullification.” In Sanders, a majority of this Court called into question the legal foundation of the jury pardon doctrine, recognizing that a jury pardon is “essentially ■ ‘a not guilty verdict rendered contrary to the jaw and evidence’ and .is an aberration.” 946 So.2d at 958 (quoting Willis v. State, 840 So.2d 1135, 1138 (Fla. 4th DCA 2003) (Klein, J., concurring specially) )
As this Court explained in Sanders, “[b]y definition, jury pardons violate the oath jurors must take before trial, as well as the instructions the 'trial court gives thém,” Id. “Jurors'in a criminal trial are required to swear or affirm that they ‘will well and truly try the issues between the State of Florida and the defendant and render a true Verdict according to the law and the evidence.’ ” Haygood, 109 So.3d at 750 (Canady, J., dissenting) (quoting Fla. R. Cfim. P. 3.360). When instructions are given for the charged offense as well as any lesser included offenses, the jury is further-instructed that “.[i]f you return a verdict of guilty, it should be for the highest offense'which has beén proven'beyond a reasonable doubt.” Id. (quoting Fla. Std. Jury Instr. (Crim.) 3.12) (emphasis added).
*426 In cases such as this one, where the evidence supports the charged offense as well as the requested instruction on a necessarily lesser included offense, any error in failing to give the requested instruction is harmless because the defendant is not entitled to an opportunity for a jury pardon. Here, the jury’s verdict as to Dean’s guilt establishes that the State proved the elements of second-degree felony murder beyond a reasonable doubt. Therefore, even if the trial court had given an instruction on manslaughter as Dean requested, the jury would still have been required to find Dean guilty of second-degree felony murder. Accordingly, the trial court’s failure to give the manslaughter instruction was harmless, and the Fourth District properly affirmed Dean’s convictions.
CANADY and LAWSON, JJ., concur.