637 So.2d 987 (1994)
William Thomas KENNEDY, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 92-3548.
District Court of Appeal of Florida, First District.
June 7, 1994.
William Thomas Kennedy, Jr., pro se.
No appearance for appellee.
MICKLE, Judge.
Appellant seeks review of the trial court's order denying his motion for post-conviction relief, filed pursuant to Rule 3.850, Florida Rules of Criminal Procedure. We reverse in part, and remand.
Appellant finds fault with the trial court's denial of his request seeking relief upon the following grounds: (1) the trial judge failed to instruct the jury on the lesser included offense of false imprisonment to the charge of kidnapping; (2) the trial judge failed to instruct the jury on the lesser included offense of burglary to the charge of armed burglary; (3) the charges of armed kidnapping and aggravated assault constitute double jeopardy; and (4) trial counsel was ineffective in failing to request jury instructions *988 as to the lesser included offenses of false imprisonment and burglary and in failing to object to the double jeopardy charge of armed kidnapping and aggravated assault. The trial court denied relief, finding that the grounds raised "are either in mitigation, for which the Court is without jurisdiction as the motion is in excess of 60 days following sentence and appeal mandate, or the grounds are those which should have been raised in the direct appeal by Defendant or were facts which could have been ascertained by Defendant before expiration of two (2) years from date of sentence."
At the outset, we note that appellant's motion for relief, filed on August 22, 1991, was not untimely. Appellant was convicted on June 21, 1988. The decision on his direct appeal was rendered on June 26, 1990. 564 So.2d 1127. For purposes of the two-year time limitation for requesting rule 3.850 post-conviction relief, a judgment and sentence become final when direct review of proceedings has concluded. Ward v. Dugger, 508 So.2d 778 (Fla. 1st DCA 1987).
Turning to the merits, we find no basis for relief as to the first three grounds. Appellant's allegations with respect to point four, however, are facially sufficient to demonstrate a basis for post-conviction relief under rule 3.850. Bateson v. State, 516 So.2d 280 (Fla. 1st DCA 1987) (claim predicated on ineffective assistance of counsel for failure to request a jury instruction on a necessarily lesser included offense cognizable on collateral attack); and Newton v. State, 527 So.2d 876 (Fla. 2d DCA 1988). Accordingly, this cause is reversed and remanded to the trial court to conduct further proceedings on the merits of the claim of ineffective assistance of counsel, as provided in rule 3.850. In all other respects, the order denying the motion for post-conviction relief is affirmed.
AFFIRMED IN PART; REVERSED IN PART; and REMANDED.
BARFIELD and WOLF, JJ., concur.