946 So.2d 953 (2006)
Robert Lavon SANDERS, Petitioner,
v.
STATE of Florida, Respondent.
State of Florida, Petitioner,
v.
Solomon Willis, Respondent.
Nos. SC03-640, SC03-642.
Supreme Court of Florida.
October 12, 2006.
Rehearing Denied January 5, 2007.
*954 Nancy A. Daniels, Public Defender and David A. Davis, Assistant Public Defender, Second Judicial Circuit, Tallahassee, FL, for Petitioner in No. SC03-640.
Charles J. Crist, Jr., Attorney General, Robert R. Wheeler, Tallahassee Bureau *955 Chief Criminal Appeals, and Thomas D. Winokur, Assistant Attorney General, Tallahassee, FL, for Respondent in No. SC03-640.
Charles J. Crist, Jr., Attorney General, Tallahassee, FL, James J. Carney and Claudine M. LaFrance, Assistant Attorneys General, West Palm Beach, FL, for Petitioner in No. SC03-642.
Bianca G. Liston of Cabaniss, Smith, Toole and Wiggins, PL, Maitland, FL and James K. Clark of Clark, Robb, Mason, Coulombe, Buschman and Cecere, Miami, FL, for Respondent in No. SC03-642.
CANTERO, J.
In this case, we consider whether a defendant is entitled to an evidentiary hearing on a claim of ineffective assistance of counsel for failing to request an instruction on a lesser-included offense. We have consolidated two cases for review, Sanders v. State, 847 So.2d 504 (Fla. 1st DCA 2003), and Willis v. State, 840 So.2d 1135 (Fla. 4th DCA 2003), which conflict with each other. We have jurisdiction. See art. V, § 3(b)(3), Fla. Const. For the reasons explained below, we hold that a trial court may summarily deny such a claim. We approve the reasoning as well as the decision of the First District Court of Appeal, sitting en banc, in Sanders. We quash the decision of the Fourth District Court of Appeal in Willis.

I. FACTS AND PROCEDURAL HISTORY
Sanders and Willis were both charged with robbery with a firearm. The category-one lesser-included offenses of that crime are robbery with a weapon, robbery, and second-degree petit theft. The category-two lesser included offenses include attempt, grand and petit theft, battery, aggravated battery, assault, aggravated assault, display of a firearm, and resisting a merchant. See Fla. Std. Jury Inst. (Crim.) 15.1. In each case, the trial court gave various jury instructions on both permissive and necessarily lesser-included offenses to the charge.[1] However, neither jury received an instruction on robbery with a weapon, a necessarily lesser-included offense. Sanders and Willis brought postconviction claims, alleging that trial counsel was ineffective for failing to request this instruction. In both cases, the trial court summarily dismissed the motions.
In Willis, the Fourth District reversed the dismissal and remanded for an evidentiary hearing. It held that "failure to request an instruction on a necessarily lesser-included offense is a legally sufficient ground to support an ineffective assistance of counsel claim." Willis, 840 So.2d at 1136. The court cited its own precedent, Smith v. State, 807 So.2d 755 (Fla. 4th DCA 2002), to support this conclusion. It certified conflict with Sanders.
In Sanders, the First District upheld the trial court's summary denial of Sanders's motion. 847 So.2d at 506. It held that trial counsel's failure to request a lesser-included offense does not create a reasonable probability that the jury, given the opportunity, would have returned a guilty verdict only as to the lesser offense. Id. at 508 (answering in the negative the certified question in Hill v. State, 788 So.2d 315 (Fla. 1st DCA 2001), review denied, 807 So.2d 655 (Fla.2002)). The First District *956 expressly receded from its earlier decisions holding otherwise. Id. (receding from McClendon v. State, 765 So.2d 247 (Fla. 1st DCA 2000); Hill, 788 So.2d at 315; Critton v. State, 668 So.2d 242 (Fla. 1st DCA 1996); Kennedy v. State, 637 So.2d 987 (Fla. 1st DCA 1994); and Bateson v. State, 516 So.2d 280 (Fla. 1st DCA 1987)). It certified conflict with Peffley v. State, 766 So.2d 418 (Fla. 4th DCA 2000), Oehling v. State, 659 So.2d 1226 (Fla. 5th DCA 1995), and Newton v. State, 527 So.2d 876 (Fla. 2d DCA 1988). Sanders, 847 So.2d at 508.

II. ANALYSIS
The defendants in these cases argue that their defense counsel were constitutionally ineffective for failing to request jury instructions on lesser-included offenses. They further argue that, had counsel requested such instructions and the court agreed to give them, the juries possibly would have disregarded the evidence demonstrating their guilt of the greater crime and instead convicted them of the lesser-included offenses. Under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), however, the standards for determining ineffective assistance of counselspecifically, the test for determining whether counsel's deficient performance prejudiced the defendant's casepreclude such speculation. As we will explain, under Strickland, a defendant cannot, as a matter of law, demonstrate prejudice by relying on the possibility of a jury pardon, which by definition assumes that the jury would have disregarded the law, the trial court's instructions, and the evidence presented.
In the following discussion, we (A) outline the two-part test for ineffective assistance of counsel in Strickland, focusing on the prejudice prong; (B) explain the concept of jury pardons and why they are contrary to the law; and (C) conclude that the possibility of a jury pardon cannot establish prejudice under Strickland.

A. The Strickland Test
A defendant asserting ineffective assistance of counsel must prove two elements: "First, the defendant must show that counsel's performance was deficient. . . . Second, the defendant must show that the deficient performance prejudiced the defense." Strickland, 466 U.S. at 687, 104 S.Ct. 2052. To establish deficiency, the defendant must show that "counsel's representation fell below an objective standard of reasonableness." Id. at 688, 104 S.Ct. 2052. To establish prejudice, the defendant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694, 104 S.Ct. 2052. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.
As the Supreme Court has warned, to demonstrate prejudice "[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." Id. at 693, 104 S.Ct. 2052. Rather, "the defendant must show that they actually had an adverse effect on the defense." Id. In determining whether counsel's alleged errors prejudiced the defendant,
a court should presume . . . that the judge or jury acted according to law. An assessment of the likelihood of a result more favorable to the defendant must exclude the possibility of arbitrariness, whimsy, caprice, "nullification," and the like. A defendant has no entitlement to the luck of a lawless decisionmaker, even if a lawless decision cannot be reviewed. The assessment of prejudice should proceed on the assumption that the decisionmaker is reasonably, *957 conscientiously, and impartially applying the standards that govern the decision. It should not depend on the idiosyncracies of the particular decisionmaker, such as unusual propensities toward harshness or leniency.
Id. at 694-95, 104 S.Ct. 2052. The Court's admonitions seem especially apt in the context of potential jury pardons.
Our focus must begin with "the strong presumption of reliability" attached to the result of a proceeding. Id. at 696, 104 S.Ct. 2052. We must give proper weight to the jury's verdict, especially when defendants do not assert any error in the jury's finding of guilt beyond a reasonable doubt. As the Court states, we "should proceed on the assumption that the decisionmaker is reasonably, conscientiously, and impartially applying the standards that govern the decision." Id. at 695, 104 S.Ct. 2052. Furthermore, as the Court warned, our approach must be based on logic, not "arbitrariness, whimsy, caprice, `nullification,'" or "the idiosyncracies of the particular decisionmaker." Id.

B. Jury Pardons
A jury pardon is "the jury's inherent power to pardon a defendant by convicting the defendant of a lesser offense." State v. Estevez, 753 So.2d 1, 4 (Fla.1999) (internal quotation marks omitted); see also State v. Baker, 456 So.2d 419, 420-21 (Fla.1984) (defining a jury pardon as "the nonconstitutional right of . . . giving the jury an opportunity to find the accused guilty of an offense lesser in severity of punishment than that with which he was charged") (quoting Baker v. State, 425 So.2d 36, 53 (Fla. 5th DCA 1982) (Cowart, J., dissenting)). We have recognized the possibility of jury pardons in holding that "[t]he failure to instruct on the next immediate lesser included offense (one step removed) constitutes error that is per se reversible." Reddick v. State, 394 So.2d 417, 418 (Fla.1981); see also State v. Wimberly, 498 So.2d 929, 932 (Fla.1986) ("The requirement that a trial judge must give a requested instruction on a necessarily lesser included offense is bottomed upon a recognition of the jury's right to exercise its `pardon power.'")
This "pardon power" allows the jury to acquit a defendant of a greater offense and convict him or her of a lesser one even though the evidence supports both crimes. See, e.g., Amado v. State, 585 So.2d 282, 282-83 (Fla.1991) (reversing trial court's refusal to instruct on the permissive lesser-included offense of simple drug possession on a charge of trafficking cocaine, even though the evidence overwhelmingly showed that the amount of drugs involved exceeded twenty-eight grams). The typical motivation for use of this power is mercy or leniency: "In its ultimate wisdom [the jury] has been given the power to `temper . . . justice with mercy.' If such be warranted, it can reduce the charge. . . . This is commonly known as [the] jury pardon." Potts v. State, 430 So.2d 900, 903 (Fla.1982) (quoting John Milton, Paradise Lost, in 32 Great Books of the Western World 93, 276 (Robert Maynard Hutchins ed.1952)). The jury pardon checks the severity of the consequences required by law.
The Rules of Criminal Procedure have also incorporated the idea that the jury may consider lesser-included offenses. For instance, Florida Rule of Criminal Procedure 3.490 now states, "If the indictment or information charges an offense divided into degrees, the jury may find the defendant guilty of the offense charged or any lesser degree supported by the evidence." (Emphasis added.) Rule 3.510(b) also incorporates this idea into the determination of attempts and lesser-included offenses: "On an indictment or information *958 on which the defendant is to be tried for any offense the jury may convict the defendant of . . . any offense that as a matter of law is a necessarily included offense or a lesser included offense of the offense charged. . . ."
Notwithstanding its role in the criminal justice system, however, the jury pardon remains a device without legal foundation. It is, as Judge Klein aptly noted below, "essentially `a not guilty verdict rendered contrary to the law and evidence' and is an aberration." Willis, 840 So.2d at 1138 (Klein, J., concurring specially) (quoting Wimberly, 498 So.2d at 932 (Shaw, J., dissenting)).
By definition, jury pardons violate the oath jurors must take before trial, as well as the instructions the trial court gives them. In Florida, all jurors must swear to "truly try the issues between the State . . . and the defendant and render a true verdict according to the law and the evidence." Fla. R.Crim. P. 3.360 (emphasis added). After administering the oath, the trial court instructs the jury that its "verdict must be based solely on the evidence, or lack of evidence, and the law." Fla. Std. Jury Instr. (Crim.) 2.1 (emphasis added). The court also apprises the jury of its "responsibility to decide what the facts of [the] case may be, and to apply the law to those facts." Id. (emphasis added). Before the jury retires to deliberate, the court again reminds it that
it is important that you follow the law spelled out in these instructions in deciding your verdict. There are no other laws that apply to this case. Even if you do not like the laws that must be applied, you must use them. For two centuries we have lived by the constitution and the law. No juror has the right to violate rules we all share.

Fla. Std. Jury Instr. (Crim.) 3.13 (emphases added).
Although the jury also is instructed about lesser-included offenses, the instruction specifically allows the jury to consider a lesser-included offense only if it "decide[s] that the main accusation has not been proved beyond a reasonable doubt." Fla. Std. Jury Instr. (Crim.) 3.4. The United States Supreme Court restates these instructions as a simple duty: "Jurors . . . take an oath to follow the law as charged, and they are expected to follow it." United States v. Powell, 469 U.S. 57, 66, 105 S.Ct. 471, 83 L.Ed.2d 461 (1984) (citing Adams v. Texas, 448 U.S. 38, 100 S.Ct. 2521, 65 L.Ed.2d 581 (1980)).
As shown above, the jury must anchor its verdict in, and only in, the applicable law and the evidence presented. Nothing else may influence its decision. When a jury convicts a defendant of a criminal offense, it has decided that the evidence demonstrated beyond a reasonable doubt that the defendant committed the crime charged. To assume that, given the choice, the jury would now acquit the defendant of the same crime of which it convicted him, and instead convict of a lesser offense, is to assume that the jury would disregard its oath and the trial court's instructions. See Vickery v. State, 869 So.2d 623, 629 (Fla. 5th DCA 2004) (Sawaya, C.J., concurring specially) ("It is clear to me that when a jury grants a pardon to a defendant by finding him or her guilty of a lesser included offense when the state has proven guilt beyond a reasonable doubt regarding the offense charged . . . the jury violates the oath it took and the instructions given it by the trial court."); Willis, 840 So.2d at 1138 (Klein, J., concurring specially) (noting that jury pardons "are contrary to the evidence and the law"); Wimberly, 498 So.2d at 932 (Shaw, J., dissenting) ("The ultimate exercise of the jury pardon power is a not guilty verdict rendered contrary to *959 the law and evidence, thus expressing the jury's refusal to enforce a law of which it disapproves."); In re Amendment to Rules of Criminal Procedure3.390(a), 416 So.2d 1126, 1126-27 (Fla.1982) (Alderman, J., dissenting) ("A jury that returns a verdict contrary to the evidence based on feelings of prejudice, bias, or sympathy is an `outlaw' jury, and its verdict will be a miscarriage of justice.").

C. The Jury Pardon and Strickland's Prejudice Prong
As noted above, despite their suspect pedigree, jury pardons have become a recognized part of the system; so much so that, in direct appeals, "[t]he failure to instruct on the next immediate lesser included offense (one step removed) constitutes error that is per se reversible." Reddick, 394 So.2d at 418. Such a standard is appropriate on direct review because "it would be difficult for an appellate court to conclude beyond a reasonable doubt that a jury in a particular case, given the opportunity, would not disobey the law and grant a pardon." Sanders, 847 So.2d at 507 (quoting Hill, 788 So.2d at 319).
Once the case is final, however, the standard drastically changes. We have emphasized that "once a conviction has been affirmed on direct appeal `a presumption of finality and legality attaches to the conviction and sentence.'" Goodwin v. State, 751 So.2d 537, 546 (Fla. 1999) (quoting Brecht v. Abrahamson, 507 U.S. 619, 633, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993)). As the First District noted below, "the test for prejudicial error in conjunction with a direct appeal is very different from the test for prejudice in conjunction with a collateral claim of ineffective assistance." Sanders, 847 So.2d at 506 (quoting Hill, 788 So.2d at 318). "These differences clearly make reversal on direct appeal for the trial court's failure to give an instruction on a requested lesser included offense logical, and relief granted in collateral proceedings for trial counsel's failure to request such an instruction illogical." Vickery, 869 So.2d at 626 (Sawaya, C.J., concurring specially).
In these cases, we consider jury pardons, not in the context of direct appeals, but in the context of defendants seeking postconviction relief due to counsel's alleged ineffectiveness. In considering this issue, we assume that an allegation that counsel failed to request an instruction on a lesser-included offense adequately states a claim of deficient performance. That is, at least the defendant is entitled to an evidentiary hearing on that element. The more problematic issue is whether, in such cases, a defendant can sufficiently allege prejudice.
As stated above, to prove that counsel's deficient performance prejudiced the defense, a defendant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694, 104 S.Ct. 2052. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. However, any finding of prejudice resulting from defense counsel's failure to request an instruction on lesser-included offenses necessarily would be based on a faulty premise: that a reasonable probability exists that, if given the choice, a jury would violate its oath, disregard the law, and ignore the trial court's instructions. As did the district court in Sanders, we, too,
have difficulty accepting the proposition that there is even a substantial possibility that a jury which has found every element of an offense proved beyond a reasonable doubt, would have, given the opportunity, ignored its own findings of *960 fact and the trial court's instruction on the law and found a defendant guilty of only a lesser included offense.
847 So.2d at 507 (quoting Hill, 788 So.2d at 319). As the Court warned in Strickland, a defendant has no entitlement to an aberrant jury" the luck of a lawless decisionmaker." 466 U.S. at 695, 104 S.Ct. 2052. Thus, the defendants do not raise any issue that would undermine our confidence in their convictions. That is, they assert no erroreither by their defense counsel or by the judge at trialthat calls into question the jury's determination that they were guilty, beyond a reasonable doubt, of the crimes charged. The possibility of a jury pardon cannot form the basis for a finding of prejudice.

III. CONCLUSION
For the reasons stated above, we hold that, as a matter of law, the possibility of a jury pardon cannot form the basis for a finding of prejudice under Strickland. Therefore, a claim alleging ineffective assistance of counsel for failure to request an instruction on a lesser-included offense may be summarily denied. We approve the reasoning as well as the denial of postconviction relief of the First District, sitting en banc, in Sanders. We quash the Fourth District's decision in Willis.
It is so ordered.
WELLS, PARIENTE, QUINCE, and BELL, JJ., concur.
LEWIS, C.J., and ANSTEAD, J., concur in result only.
NOTES
[1] In addition to the instruction on robbery with a firearm, Sanders's jury received instructions on robbery (category-one lesser-included offense), attempt, assault, aggravated assault, and theft (all category-two offenses). Likewise, in Willis's trial, the jury was instructed on robbery with a firearm, robbery (category-one lesser-included offense), aggravated assault, assault, and theft (all category-two lesser-included offenses).