943 So.2d 903 (2006)
Demetrius FREEMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 5D06-1556.
District Court of Appeal of Florida, Fifth District.
December 1, 2006.
*904 Demetrius D. Freeman, Lowell, pro se.
No Appearance for Appellee.
LAWSON, J.
Demetrius Freeman appeals the summary denial of his motion for post-conviction relief, filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm the trial court's denial as to the majority of issues raised by Freeman's motion, without further discussion. However, Freeman raised one colorable claim that requires an evidentiary hearing. As to this issue, we reverse.
Freeman was charged by information with one count of battery on a law enforcement officer and one count of resisting an officer with violence, based upon an altercation between Freeman and a correctional officer that occurred in the Sumter County jail.[1] The altercation took place while the officer was attempting to escort Freeman from the jail's infirmary back to his cell.
At trial, Freeman testified that he was acting in self-defense during the altercation. According to Freeman, he resisted only because the guard maliciously attempted to inflict pain upon him by putting pressure on a pre-existing shoulder injury that the guard had observed nurses treating at the infirmary. However, the two nurses denied treating Freeman for a shoulder injury. During trial, the jury asked the question: "Did medical records show shoulder was checked or medication given?"
The State conceded during its closing argument that if the jury believed Freeman's claim of self-defense, they should find him not guilty. Additionally, following Freeman's conviction, his attorneys filed a motion for new trial alleging that they had been ineffective for neglecting to secure available medical records that would have proven Freeman's claim that he had been treated for a shoulder injury on the day in question, in support of Freeman's theory of self-defense. Although counsels' "admission" of deficient performance is certainly not controlling, we agree that if these documents were readily available and did, in fact, conclusively refute the testimony of the State's two key witnesses on an issue critical to Freeman's theory of defense, Freeman's attorneys *905 should have secured them for trial. It also seems obvious from the jury's written question that if the medical records had supported Freeman's claim, the jury may have been inclined to believe him. Therefore, we find that Freeman was entitled to an evidentiary hearing as to this claim.
AFFIRMED IN PART, REVERSED IN PART, and REMANDED.
SAWAYA and ORFINGER, JJ., concur.
NOTES
[1] The jury returned a guilty verdict on the charge of resisting an officer with violence, but only returned a verdict of guilty as to the lesser-included offense of battery with respect to the first charge. Freeman was sentenced to the maximum penalty on the felony charge, five years in state prison. One of Freeman's claims below related to his trial attorneys' failure to request that the jury be instructed regarding any lesser-included offenses as to the charge of resisting with violence. However, this claim was properly denied. Sanders v. State, 31 Fla. L. Weekly S643, ___ So.2d ___, 2006 WL 2883103 (Fla. Oct. 12, 2006) (holding that because "the possibility of a jury pardon cannot form the basis for a finding of prejudice under Strickland [v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)] . . . a claim alleging ineffective assistance of counsel for failure to request an instruction on a lesser-included offense may be summarily denied").