LAWSON, J.,
concurring.
I agree with the majority that State v. Montgomery, 39 So.3d 252 (Fla.2010), compels a reversal in this case. I write to briefly explain why, in my view, an unpre-served error in the instruction one step removed from the crime for which the defendant was convicted should not result in an automatic reversal.
Generally, “for jury instructions to constitute fundamental error, the error must ‘reach down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error.’ ” Taylor v. State, 62 So.3d 1101 (Fla.2011) (quoting Brown v. State, 124 So.2d 481, 484 (Fla.1960)). In this case, there was no error in the instructions on the charge of attempted second degree murder, and the evidence fully supported Burton’s conviction on that charge. In other words, there is absolutely no reason to question the validity of the verdict rendered in this case. The concern, rather, is that if the jury had been instructed properly as to manslaughter, it might have ignored the law and instructions requiring that a verdict be returned for the highest offense proven beyond a reasonable doubt and instead might have “ ‘exereise[d] its inherent ‘pardon’ power by returning a verdict on the next lower crime..,.”’ Montgomery, 39 So.3d at 259 (quoting Pena v. State, 901 So.2d 781, 787 (Fla.2005)).
In Sanders v. State, 946 So.2d 953 (Fla.2007), the supreme court explained that jury pardons have become an accepted part of our criminal jurisprudence even though they are not based upon any constitutional right afforded a defendant and are essentially “a device without legal foundation ... ‘a verdict rendered contrary to the law and evidence’ and ... an aberration.” Id. at 958 (quoting Willis v. State, 840 So.2d 1135, 1138 (Fla. 4th DCA 2003) (Klein, J., concurring specially)). In the interest of brevity, I will not repeat the thorough discussion of jury pardons contained in Sanders,, but would rhetorically ask why we have a rule that requires a reversal solely designed to afford a new *790 jury the dubious opportunity to “disregard its oath and the trial court’s instructions” and to render a verdict to a lesser offense than the evidence and the law require, id. at 958, when the defendant never raised the issue at trial.
I certainly understand why a per se reversal rule would apply to preserved error in this context. For example, in Reddick v. State, 394 So.2d 417, 418 (Fla.1981), the supreme court announced just such a rule, stating that “[t]he failure to instruct on the next immediate lesser included offense (one step removed) constitutes error that is per se reversible.” As explained in Johnson v. State, 53 So.3d 1003 (Fla.2010), “per se reversible error” is a rule adopted for some types of error involving issues that are properly preserved for appellate review by motion or objection in the trial court, but where the affected party would have difficulty demonstrating prejudice on appeal. In Reddick, a reversal was proper because the trial court failed to give a defense-requested instruction on a lesser offense that would have afforded the defendant an opportunity for a jury pardon. The issue was preserved for appellate review because it had been presented to the trial court, which rendered an incorrect legal ruling in declining to give the requested instruction.
In this case, by contrast, Burton never objected to the manslaughter instruction, and even agreed at trial that the jury should be instructed exactly as it was on this lesser offense. The very reason why a per se reversal rule is warranted in this context — that a defendant could never show that a jury would have disregarded the law, ignored its oath, and rendered an aberrant verdict — also demonstrates that the unpreserved error was not fundamental. I believe that the supreme court was correct in Sanders, in holding that “the possibility of a jury pardon cannot form the basis for a finding of prejudice” in postconviction proceedings. And, for the reasons more fully explored in Sanders, I fail to see why our courts should apply a fundamental error standard in this context, when the supreme court has correctly held that a defendant cannot demonstrate prejudice based on an argument that if the jury had been “ ‘given the opportunity ... [it might have] ignored its own findings of fact and the trial court’s instruction on the law and found a defendant guilty of only a lesser included offense.’ ” Id. at 959-60 (quoting Hill v. State, 788 So.2d 315, 319 (Fla. 1st DCA 2001)). If not bound by Montgomery, I would affirm.