BILBREY, J.,
Concurring in Part and Dissenting in Part.
I agree that simple battery in violation of section 784.03, Florida Statutes, is a category one (one step removed) lesser included offense of battery on a jail visitor or other detainee in violation of section 784.082, Florida Statutes.[3] Therefore it was per se reversible error to fail “to give a requested instruction on a lesser-included offense only one step removed from that charged.” Johnson v. State, 695 So.2d 787, 788 (Fla. 1st DCA 1997) (citing State v. Abreau, 363 So.2d 1063 (Fla. 1978)).[4]
I write separately because, respectfully, I do not agree that “[tjhere can be no reconciliation among the jury pardon doctrine, present-day standard jury instructions, and the required oath of jurors.” (Maj. Op. 283.). I do not call into question the per se reversible rule in situations like this one where the requested instruction on a one step removed lesser included offense is denied. The per se reversible rule is tied to jury pardons—the inherent power of a jury to acquit a defendant of the charged offense and instead to convict a defendant of a lesser included offense. State v. Estevez, 753 So.2d 1, 4-5 (Fla. *285 1999), superseded by Washington v. Recuenco, 548 U.S. 212, 126 S.Ct. 2546, 165 L.Ed.2d 466 (2006); see Galindez v. State, 955 So.2d 517 (Fla. 2007). The Florida Supreme Court has repeatedly recognized the connection between a jury’s right to pardon a defendant and the need for a trial court to provide a requested instruction on a one step removed lesser offense. See Sanders v. State, 946 So.2d 958 (Fla. 2006); Estevez; State v. Wimberly, 498 So.2d 929 (Fla. 1986); State v. Baker, 456 So.2d 419 (Fla. 1984).[5]
“All political power is inherent in the people.” Art. I, § 1, Fla. Const. The jury in a criminal case represents the people of the State of Florida in determining not only whether the allegations were proven beyond a reasonable doubt but also the justness of a conviction for a particular crime.[6] The jury is allowed to show “mercy or leniency” in exercising the jury pardon power and convicting a defendant of a lesser offense. Sanders, 946 So.2d at 957. The holding in Sanders and the other cases above are consistent with historical role of the jury as a check on the power of government. See Jenny E. Carroll, Nullification as Law, 102 Geo. L.J. 579, 587-88 (2014).[7] As Justice Scalia stated for the Court in United States v. Gaudin, the right to trial by jury “was designed ‘to guard against a spirit of oppression and tyranny on the part of the rulers,’ and ‘was from the very early times insisted on by our ancestors in the parent country, as the great bulwark of their civil and political liberties.’ ” 515 U.S. 506, 510-11, 115 S.Ct. 2310, 132 L.Ed.2d 444 (1995) (quoting 2 J. Story, Commentaries on the Constitution of the .United States 541 n. 2 (4th ed. 1873)).
The right to jury pardons has been criticized as partial jury nullification. Haygood v. State, 109 So.3d 735 (Fla. 2013) (Canady, J.,‘ dissenting). If jury pardons are a subset of jury nullification then the right springs from the common law. The common law of England as of July 4, 1776, remains in force in Florida. §§ 2.01 & 775.01, Fla. Stat. Jury nullifications were used in England and Colonial America in response to politically unpopular prosecutions against religious minorities, libel, and violations of trade restrictions. See Bushel’s Case, Vaughan 135, 124 Eng. Rep. 1006 (C.P. 1670); Alan Scheflin & Jon Van Dyke, Jury Nullification: The Contours of a Controversy, 43 Law & Contemp. Probs. 51, 56-59 (Autumn 1980).
*286 I see no need for this court to call into question a jury’s inherent power to pardon, no matter how speculative it is that the power will be used in a particular case. If it is thought that a jury should not have the power to pardon, I submit any change should come not from the courts but from the people or their representatives in the political branches. See The Federalists No. 78 (Alexander Hamilton) (“The legislature ... prescribes the rules by which the duties and rights of every citizen are to be regulated.”). While the Florida Supreme Court, as stated in Hoffman v. Jones, can change the common law “where great social upheaval dictates,” I respectfully submit that the Court should not abrogate established rights. 280 So.2d 431, 435 (Fla. 1973).
I therefore respectfully dissent from the portion of the majority opinion which questions jury pardons, as well as the decision to certify a question on what in my view is an undisputed fundamental right of a Florida jury.

. These offenses are also called necessarily included offenses. State v. Baker, 456 So.2d 419, 421 (Fla. 1984); In Matter of Use by Trial Courts of Standard Jury Instructions in Criminal Cases, 431 So.2d 594 (Fla. 1981). To prove the offense of battery on a jail visitor or other detainee will always require a finding that a defendant committed a battery. § 784.082, Fla. Stat.

. Unlikely though it may be here, a jury could find in another case that a battery was committed but the defendant was not being detained (unlawfully detained or recently released?) or the victim was not a detainee or visitor (escapee or trespasser?). See Fla. Std. Jury Instr. (Crim.) 8,21. A jury could also exercise its pardon power as discussed below.

.All of these cases were decided well after the 1967 adoption of rule 3.360, Florida Rules of Criminal Procedure, which sets forth the form of oath required for jurors at trial. Additionally, all of these cases were decided after the adoption of Florida Standard Jury Instruction (Criminal) 3.13, which admonishes jurors to “follow the law spelled out in these instructions” and which instructs ‘‘[tjhere are no other laws that apply to this case.” Nothing in the oath, instructions, or Florida law specifically precludes the exercise of a jury pardon. The Court in Sanders did note that "jury pardons violate the oath jurors must take before trial, as well as the instructions the trial court gives them” but refused to call into question jury pardons. 946 So.2d at 958. If the jury’s oath and instructions conflict with the right of a jury to pardon, I submit that it is the oath and instructions which should yield.

. I agree with the majority that the federal courts take a different view on lesser included offense instructions. (Maj. Op. 282.). However, Florida courts under our system of federalism are permitted to recognize greater rights. See Traylor v. State, 596 So.2d 957 (Fla. 1992)

. As noted by the majority, the jury might also find that no conviction was justified in spite of the evidence to the contrary and engage in jury nullification by returning a not guilty verdict, (Maj. Op. 283.). But by allowing a jury pardon, a jury is exercising some level of mercy or leniency while recognizing that a defendant should still be punished to some extent.