[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-12898
Non-Argument Calendar

_____

D.C. Docket No. 4:18-cv-00309-RH-MJF

ERIC MICHAEL CRAPSER,

Petitioner-Appellant,

versus

SECRETARY, DEPARTMENT OF CORRECTIONS,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(May 17, 2021)

Before ROSENBAUM, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

Eric Crapser, a counseled Florida prisoner, appeals the district court's denial of his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. The district court granted a certificate of appealability as to whether trial counsel rendered ineffective assistance by failing to request a lesser-included-offense instruction.

Crapser was charged with sexual battery (Count I) and lewd or lascivious molestation (Count II) of his seven-year-old stepdaughter. Crapser's trial counsel requested a lesser-included-offense instruction for Count I, but not for Count II. The jury ultimately found Crapser guilty of misdemeanor battery, a lesser-included offense of Count I, and of lewd or lascivious molestation as charged in Count II. He was sentenced to time served for the battery offense and twenty-five years in prison for the molestation offense, followed by a lifetime on sex offender probation. The Florida courts affirmed his convictions and denied his motion for postconviction relief. Crapser then filed a federal § 2254 petition, which the district court denied.

Crapser appeals, arguing that his trial counsel rendered ineffective assistance under *Strickland v. Washington*, 466 U.S. 668 (1984), by failing to request a lesser-included-offense jury instruction as to Count II. He contends that, had his trial counsel requested such an instruction, there is a reasonable probability that the jury would have convicted him of the lesser offense, as it did on Count I, notwithstanding that the evidence supported his conviction for the greater offense.

We review the district court's denial of a state prisoner's § 2254 petition *de novo* but review the state habeas court's decision with deference. *Reed v. Sec'y, Fla. Dep't of Corr.*, 593 F.3d 1217, 1239 (11th Cir. 2010); *Wright v. Sec'y for Dep't of Corr.*, 278 F.3d 1245, 1254–55 (11th Cir. 2002).

To succeed on an ineffective-assistance-of-counsel claim, a defendant must show that his counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland*, 466 U.S. at 687. The prejudice prong requires the petitioner to show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. In evaluating prejudice, according to *Strickland*, "a court should presume, absent challenge to the judgment on grounds of evidentiary insufficiency, that the judge or jury acted according to law. An assessment of the likelihood of a result more favorable to the defendant must exclude the possibility of arbitrariness, whimsy, caprice, 'nullification,' and the like." *Id.* In other words, "[a] defendant has no entitlement to the luck of a lawless decisionmaker." *Id.* at 695.

Under 28 U.S.C. § 2254(d), we may grant the writ of habeas corpus only if the Florida appellate court's decision denying Crapser relief on his *Strickland* claim "was contrary to, or involved an unreasonable application of" *Strickland*, or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

3

Crapser relies on the "unreasonable application" prong, arguing that the Florida Supreme Court's decision in *Sanders v. State*, 946 So. 2d 953, 960 (Fla. 2006), which held that the failure to request an instruction on a lesser-included offense cannot establish *Strickland* prejudice as a matter of law, constitutes an unreasonable application of *Strickland*.[1]  Crapser asserts that *Strickland* prohibits such "bright-line" rules and instead requires courts to conduct case-specific determinations of performance and prejudice.

In *Sanders*, the Florida Supreme Court explained that ineffective-assistance claims alleging a failure to request an instruction on a lesser-included offense cannot establish *Strickland* prejudice because they are based solely on the possibility of a "jury pardon."  A jury pardon "allows the jury to acquit a defendant of a greater offense and convict him or her of a lesser one even though the evidence supports both crimes."  946 So. 2d at 957–58.  "By definition," *Sanders* explains, "jury pardons violate the oath jurors must take before trial, as well as the instructions the trial court gives them."  *Id.* at 958.  These instructions require a jury to "render a true verdict according to the law and the evidence" and to convict of a lesser-included offense "only if it decides that the main accusation has not been proved beyond a reasonable doubt."  *Id.*  So when a jury has convicted a defendant of a greater

---

[1] Crapser's factual claim—that the state court made an unreasonable determination of the facts by failing to find prejudice—is entirely derivative of his legal challenge.

4

offense, it has decided that guilt was proved beyond a reasonable doubt.  *Id.*  "To assume that, given the choice, the jury would now *acquit* the defendant of the same crime of which it convicted him, and instead convict of a lesser offense, is to assume that the jury would disregard its oath and the trial court's instructions."  *Id.*  In other words, "any finding of prejudice resulting from defense counsel's failure to request an instruction on lesser-included offenses necessarily would be based on a faulty premise: that a reasonable probability exists that, if given the choice, a jury would violate its oath, disregard the law, and ignore the trial court's instructions."  *Id.* at 959.  Because defendants are not entitled to "the luck of a lawless decisionmaker" under *Strickland*, the Court stated, the possibility of a jury pardon, which does not call into question the validity of the offense of conviction, "cannot form the basis for a finding of prejudice."  *Id.* at 960.

Here, Crapser is not entitled to relief under § 2254.  Under Florida law, a jury must "render a true verdict according to the law and the evidence" and, therefore, a jury is permitted to convict of a lesser included offense "only if it decides that the main accusation has not been proved beyond a reasonable doubt."  *Id.* at 958; *see Williams v. Singletary*, 78 F.3d 1510, 1515 (11th Cir. 1996) (stating that we are bound by decisions of the relevant state supreme court when addressing issues of state law).  *Strickland* requires that we assume the jury in Crapser's trial followed this rule of law.  *See Strickland*, 466 U.S. at 694 ("[A] court should presume, absent

5

challenge to the judgment on grounds of evidentiary insufficiency, that the judge or jury acted according to law."). The jury concluded that the evidence against him supported his conviction for the molestation offense on which it was instructed. Therefore, even if the lesser-offense instructions had been given, the jury would not have been permitted to convict Crapser of the lesser-included offenses because it had concluded that the evidence established that he was guilty of the greater offenses. *See Sanders*, 946 So. 2d at 958.

Crapser's claim does not undermine the validity of his conviction or sentence on Count II.[2] His assertion of prejudice depends, as he admits, on the possibility of a jury pardon—that is, that the jury would have disregarded its oath and violated its instructions by acquitting him of the greater offense and convicting him of a lesser one even though the evidence supported both crimes. *See id.* at 957–58. But he says that the possibility of a jury pardon is sufficient to establish prejudice in this case because the jury's verdict affirmatively demonstrates that it violated its oath by convicting him of a lesser-included offense on Count I, despite evidence supporting the greater offense. So in his view, there is a reasonable probability that the jury would have exercised the same leniency had trial counsel requested a lesser-included-offense instruction on Count II.

---

[2] Arguably, therefore, trial counsel's alleged ineffective assistance did not result in Crapser's being held "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

Even if we assume he is right about that as a practical matter, though, that reasoning cannot be squared with *Strickland*. In *Strickland*, the Supreme Court made clear that "[a] defendant has no entitlement to the luck of a lawless decisionmaker" and that the prejudice inquiry excludes the "particular idiosyncrasies" of the jury and "the possibility of arbitrariness, whimsy, caprice, 'nullification,' and the like," such as a jury pardon. 466 U.S. at 695. These limitations follow from the nature of the prejudice inquiry, which is "whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Id.* It is not, as Crapser proposes, whether the jury would have reached a different verdict for any reason, such as a desire for mercy or leniency.

Because Crapser is not entitled to the "luck of a lawless decisionmaker," which is essentially all that he seeks, the state court reasonably concluded that he had no recourse under *Strickland*, notwithstanding that the outcome of the trial may have been more favorable had counsel requested lesser-included instructions as to Count II. To the extent there is some fairminded disagreement among jurists as to whether the failure to request a lesser-included-offense instruction can establish *Strickland* prejudice, *see Crace v. Herzog*, 798 F.3d 840, 849 (9th Cir. 2015) ("Nothing in *Strickland*, therefore, forbids courts from considering the possibility that a jury would have convicted on a lesser included offense if given the option to do so."), that is not enough to show that the state court's decision was an

7

unreasonable application of *Strickland*. *See Harrington v. Richter*, 562 U.S. 86, 101 (2011) ("A state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." (quotation marks omitted)).

**AFFIRMED.**