[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-11000

Non-Argument Calendar

_____

SCOTT L. HUSS,

Petitioner-Appellant,

*versus*

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 2:18-cv-00241-JLB-NPM

_____

Before JILL PRYOR, NEWSOM, and BRANCH, Circuit Judges.

PER CURIAM:

Scott Huss, who is incarcerated in Florida, appeals the district court's denial of his 28 U.S.C. § 2254 petition for a writ of habeas corpus. A judge of this Court granted a certificate of appealability on whether trial counsel was ineffective for failing to object to a manslaughter jury instruction. After careful review, we affirm.

## I.

Huss was charged and convicted with the murder of his estranged wife. The district court summed up the facts this way:

> On April 25, 2007, Yana Huss was fatally stabbed multiple times in the neck, chest, and abdomen at her home in Port Charlotte, Florida. On June 4, 2007, the State of Florida charged [Huss], the victim's husband, by information with second-degree murder with a knife or similar sharp object. [Huss] pleaded not guilty and proceeded to a five-day jury trial [in 2010].

> At trial, the jury heard testimony from witnesses—including a witness to the murder—who testified that Yana Huss was afraid of [Huss] and that [Huss] felt she had ruined his life. The medical examiner testified that Ms. Huss had numerous defensive wounds to her hands but died from at least eleven

21-11000          Opinion of the Court          3

> stab and slash wounds. [Huss] testified that he did not
> kill the victim.

Doc. 35 at 1–2 (citations omitted).[1]

At the close of trial, the court instructed the jury on second-degree murder and the lesser-included offense of manslaughter. The trial court instructed:

> In this case, Scott Lee Huss is accused of Second-Degree Murder. Murder in the Second Degree includes the lesser crime of Manslaughter, both of which are unlawful.

> ⋆          ⋆          ⋆

> To prove the crime of Second-Degree Murder, the State must prove the following three elements beyond a reasonable doubt:

> Yana Huss is dead.

> The death was caused by the criminal act of Scott Lee Huss; and

> There was an unlawful killing of Yana Huss by an act immediately dangerous to another and demonstrating a depraved mind without regard for human life.

> ⋆          ⋆          ⋆

---

[1] "Doc." numbers refer to the district court's docket entries.

In order to convict of Second-Degree Murder, it is not necessary for the State to prove the defendant had an intent to cause death.

⋆        ⋆        ⋆

[I]f you decide that the main accusation [of second-degree murder] has not been proved beyond a reasonable doubt, you will next need to decide if the defendant is guilty of any lesser-included crimes.

The lesser crime indicated in the definition of Second-Degree Murder is Manslaughter.

I will now instruct you on what constitutes Manslaughter.

To prove the crime of Manslaughter, the State must prove the following two elements beyond a reasonable doubt:

Yana Huss is dead; and

Scott Lee Huss'[s] act or acts caused the death of Yana Huss.

However, the defendant cannot be guilty of Manslaughter if the killing was either justifiable or excusable homicide.

⋆        ⋆        ⋆

> If you return a verdict of guilty, it should be for the highest offense which has been proven beyond a reasonable doubt.

Doc. 12-3 at 479–84, 492.

The jury found Huss guilty of second-degree murder. The trial court sentenced him to life in prison without the possibility of parole. At sentencing, the trial court emphasized that "[t]here was a lot of evidence in this case that would indicate that [Huss] contemplated killing [his] wife for quite a while." *Id.* at 554.

After filing an unsuccessful direct appeal that did not concern the issue we address today, Huss filed a postconviction motion under Rule 3.850 of the Florida Rules of Criminal Procedure. In his motion, as relevant here, Huss argued that his trial counsel was ineffective for failing to object to the trial court's manslaughter jury instruction.[2] Huss stated that the manslaughter instruction failed to indicate to the jury that the State did not have to prove that Huss intended to cause his wife's death. Huss argued that when the manslaughter instruction was considered with the second-degree murder instruction, the manslaughter instruction was confusing and misleading and made it appear that manslaughter was a more

---

[2] In a later postconviction proceeding, Huss argued that his appellate counsel was ineffective for failing to raise on direct appeal the allegedly erroneous manslaughter jury instruction. The state courts denied Huss relief on this claim, and he does not have a certificate of appealability to argue the claim here. Thus, we limit our discussion to trial counsel's failure to object to the instruction.

serious offense than second-degree murder. Huss contended that his trial counsel was deficient in failing to object to the instruction and that the deficient performance prejudiced his defense.

The state courts rejected Huss's claim. Huss thereafter filed a § 2254 petition in federal district court, in which he raised the ineffective-assistance-of-counsel claim related to counsel's failure to object to the manslaughter instruction. The district court rejected his claim and denied him a certificate of appealability.

Huss appealed, and a judge on this Court granted him a certificate of appealability on the question of whether his trial counsel was ineffective in failing to object to the trial court's manslaughter instruction.

## II.

When evaluating a district court's denial of a § 2254 petition, we review questions of law and mixed questions of law and fact *de novo,* and findings of fact for clear error. *Tanzi v. Sec'y, Fla. Dep't of Corr.*, 772 F.3d 644, 651 (11th Cir. 2014). We may affirm the denial of habeas relief on any ground supported by the record. *Moody v. Holman*, 887 F.3d 1281, 1292 (11th Cir. 2018).

## III.

Before we begin, we note an important assumption that simplifies our analysis. *See Castillo v. Fla. Sec'y of DOC*, 722 F.3d 1281, 1283–84 (11th Cir. 2013) (making "simplifying assumptions in favor of the petitioner" to facilitate the Court's analysis). Although ordinarily a claim a state court adjudicates on the merits is subject to

the deferential standards of the Antiterrorism and Effective Death Penalty Act of 1996, *see* 28 U.S.C. § 2254, here we assume that Huss's claim is subject to *de novo* review. *See Berghuis v. Thompkins*, 560 U.S. 370, 390 (2010) ("Courts can . . . deny writs of habeas corpus under § 2254 by engaging in *de novo* review when it is unclear whether AEDPA deference applies, because a habeas petitioner will not be entitled to a writ of habeas corpus if his or her claim is rejected on *de novo* review.").

For a claim of ineffective assistance of counsel, a petitioner must demonstrate both that (1) counsel's performance was deficient, meaning that it fell below an objective standard of reasonableness, and (2) the petitioner was prejudiced by the deficient performance, meaning there was a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687–88, 694 (1984). Because a petitioner must satisfy both parts of the *Strickland* test, we need not address the performance prong if the defendant cannot meet the prejudice prong, or vice versa. *Holladay v. Haley*, 209 F.3d 1243, 1248 (11th Cir. 2000).

In this case, we need only undertake a limited inquiry: whether Huss has shown a reasonable probability that, had his trial counsel objected to the manslaughter instruction, he would not have been convicted of second-degree murder. Because we conclude that he has failed to make this showing, we do not address counsel's alleged deficient performance. *See id.*

On appeal, as in his previous proceedings, Huss contends that had his trial counsel objected to the trial court's manslaughter jury instruction, the jury would have known that it did not need to find beyond a reasonable doubt that he intended to kill his wife. To show prejudice, though, Huss also must show a reasonable probability that the jury would not have found him guilty of second-degree murder. *See Strickland*, 466 U.S. at 695; *see also* Doc. 12-3 at 492 ("If you return a verdict of guilty, it should be for the highest offense which has been proven beyond a reasonable doubt."). Huss does not challenge his second-degree murder conviction—including the evidence to support it or the instructions the trial court gave about it. The upshot of Huss's burden of proof on this particular claim is that he is entitled to habeas relief only on a theory of jury nullification or pardon—that is, that had it been instructed correctly on manslaughter, the jury would have pardoned him of the second-degree murder charge (which the evidence supported) and instead convicted him of the lesser included offense. Although it is within a jury's "'inherent power'" to pardon a defendant in this way, *Knight v. State*, 286 So. 3d 147, 152 (Fla. 2019) (quoting *Sanders v. State*, 946 So. 2d 953, 957 (Fla. 2006)), the possibility of a jury pardon cannot form the basis for *Strickland* prejudice. That is because a jury pardon is "essentially a not guilty verdict rendered contrary to the law and evidence," *Sanders*, 946 So. 2d at 958 (internal quotation marks omitted), and under *Strickland* "[a]n assessment of the likelihood of a result more favorable to the defendant must *exclude* the possibility of arbitrariness, whimsy, caprice, 'nullification,' and the like," *Strickland*, 466 U.S. at 695 (emphasis added).

*Strickland* requires that "[t]he assessment of prejudice . . . proceed on the assumption that the decisionmaker is reasonably, conscientiously, and impartially applying the standards that govern the decision. It should not depend on the idiosyncrasies of the particular decisionmaker, such as unusual propensities toward harshness or leniency." *Id.* Because Huss cannot demonstrate that he is entitled to relief on his *Strickland* claim without reliance on a possible jury pardon, he cannot prevail in his appeal. The district court rightly denied him habeas relief.

**AFFIRMED.**