[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-13501
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 5, 2012
JOHN LEY
CLERK

D.C. Docket No. 6:09-cv-00880-MSS-KRS


ABIMAEL SANTIAGO,

                                                        Petitioner-Appellant,

versus


SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

                                                        Respondents-Appellees.


_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(July 5, 2012)

Before TJOFLAT, BARKETT and KRAVITCH, Circuit Judges.

PER CURIAM:

Abimael Santiago, a Florida prisoner proceeding pro se, appeals the district court's denial of his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Santiago was convicted in Florida of trafficking in heroin, conspiring to traffick in heroin, and delivering heroin, and was sentenced to a cumulative total of twenty-five years' imprisonment. After his conviction was affirmed and his motion for postconviction relief was denied in state court, Santiago filed his federal petition for a writ of habeas corpus, which was denied by the district court. Santiago now appeals the judgment of the district court, arguing that his trial counsel rendered ineffective assistance under Strickland v. Washington, 466 U.S. 668 (1984), by failing to request lesser-included-offense jury instructions as to the drug trafficking and conspiracy charges.

In order to prevail on his claim that his trial counsel was constitutionally ineffective, Santiago must show that his trial counsel's performance fell below an objective standard of reasonableness measured by prevailing professional norms, and that this deficiency prejudiced the defense. See Strickland, 466 U.S. at 687-88. Under 28 U.S.C. § 2254(d), we may grant the writ of habeas corpus only if the Florida appellate court's decision denying Santiago relief on his Strickland claims "was contrary to, or involved an unreasonable application of" Strickland, or

2

"was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d) (2006).

Santiago contends that, had his trial counsel requested a lesser-included-offense instruction as to the offenses of trafficking and conspiracy, the jury might have elected to convict him of the lesser offenses notwithstanding that the evidence supported his conviction for the greater offenses. However, under Florida law, a jury is permitted to convict of a lesser included offense "only if it decides that the main accusation has not been proved beyond a reasonable doubt." Sanders v. State, 946 So. 2d 953, 958 (Fla. 2006) (internal quotation marks omitted). Strickland requires that we assume the jury in Santiago's trial followed this rule of law. Strickland, 466 U.S. at 694 ("[A] court should presume, absent challenge to the judgment on grounds of evidentiary insufficiency, that the judge or jury acted according to law. An assessment of the likelihood of a result more favorable to the defendant must exclude the possibility of . . . 'nullification[.]'" ). The jury in Santiago's trial concluded that the evidence against him supported his conviction for the greater offenses on which it was instructed; therefore, even if the lesser-offense instructions had been given, the jury would not have been permitted to convict Santiago of the lesser included offenses because it had concluded that the evidence established that he was guilty of the greater offenses.

3

See <u>Sanders</u>, 946 So. 2d at 958. Accordingly, we cannot say that the Florida appellate court unreasonably applied <u>Strickland</u> in concluding that Santiago's counsel's failure to request the lesser included offense instructions did not prejudice his defense.

    **AFFIRMED**