CALLAHAN, Circuit Judge,
dissenting:
The Washington Supreme Court had to decide what effect, if any, defense counsel’s failure to request a jury instruction on a lesser included offense had on Crace’s conviction for attempted assault. The Washington Supreme Court held that because sufficient evidence supported Crace’s conviction for attempted assault, the presence of a second lesser included offense instruction would not have changed the outcome of his trial. My review of the applicable Supreme Court law and the conflicting decisions by other courts on this issue compels me to conclude that the Washington Supreme Court’s decision was not contrary to or an unreasonable application of clearly established Supreme Court law. See 28 U.S.C. § 2254(d)(1). Therefore, as AEDPA compels us to defer to the state court, I respectfully dissent.
I
Robert Crace is a persistent offender in Washington. His rap sheet discloses a burglary in 1981, robbery in 1981, two counts of robbery in 1988, robbery in 1991, burglary and possession of stolen property in 1995, burglary in 1999, and attempting to elude a police officer in 2002. The robberies in 1988 and 1991 were violent crimes that constituted “strikes” under Washington’s three strikes law.
It is against this backdrop that we consider the largely undisputed facts in this instant case: Crace was arrested again in 2003 after he consumed several legal and illegal drugs and ran toward a police officer with a drawn sword. He was charged with second degree assault, first degree criminal trespass, and second degree malicious mischief. At trial, the jury was instructed on assault with a deadly weapon and its lesser included offense, attempted assault with a deadly weapon. That instruction read:
If you are not satisfied beyond a reasonable doubt that the defendant is guilty of Assault in the Second Degree, the defendant may be found guilty of any lesser crime, the commission of which is necessarily included in the crime charged, if the evidence is sufficient to establish the defendant’s guilt of such lesser crime beyond a reasonable doubt.
The crime of Assault in the Second Degree necessarily includes the lesser crime of Attempted Assault in the Second Degree.
When a crime has been proven against a person and there exists a reasonable doubt as to which of two or more crimes that person is guilty, he or she shall be convicted only of the lowest crime.
*854 The jury was also instructed as to first degree criminal trespass and second degree malicious mischief. The jury deadlocked on assault but convicted Crace of attempted assault with a deadly weapon. The jury also convicted Crace of first degree criminal trespass and second degree malicious mischief.
Trespass and malicious mischief are not felonies under Washington state law, but assault and attempted assault are. Thus, Crace’s conviction for attempted assault resulted in a third strike, and Crace was sentenced to life without the possibility of parole under Washington’s three strikes law.[1] Crace filed a direct appeal, which was unsuccessful.[2]
Crace then filed a personal restraint petition in Washington State Court, asserting,'among other things, that his counsel was ineffective for failing to request a second lesser included offense instruction for unlawful display of a weapon. See Wash. Rev.Code § 9.41.270. A conviction of unlawful display of a weapon would have been a gross misdemeanor and would not have constituted Crace’s third strike. Id. In an unpublished decision dated January 20, 2010, the Washington Court of Appeals denied Crace’s petition, reasoning that the evidence did not support a lesser included offense instruction. In re Crace, 154 Wash.App. 1016 (2010) (unpublished). However, on July 28, 2010, the Court of Appeals reversed itself, holding that Crace’s counsel was deficient for failing to request an instruction for the lesser included offense of unlawful display of a weapon and that Crace was prejudiced by his counsel’s failure. In re Crace, 157 Wash.App. 81, 236 P.3d 914, 932-33 (2010). One judge dissented.
The Washington Supreme Court en banc reversed the Court of Appeals in another divided opinion. The court assumed, without holding, that the failure of Crace’s counsel to request a lesser included offense instruction for unlawful display of a weapon was deficient, but held that Crace could not have been prejudiced. Because there was sufficient evidence to convict Crace of the greater offense, attempted assault, there was no reasonable probability that the outcome would have been different had the lesser included offense instruction had been given. Two judges dissented. In re Crace, 174 Wash.2d 835, 280 P.3d 1102, 1110 (2012).
Crace then filed this habeas petition in federal district court. The district court granted relief, and the State[3] timely appealed.
*855 II
The majority errs by failing to defer to the Washington Supreme Court’s decision under AEDPA. Title 28 U.S.C. § 2254(d)(1) prohibits a court from granting an application for a writ of habeas corpus unless the state court’s “adjudication of the claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.” The clearly established law in this case includes Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), which sets forth the standard governing ineffective assistance of counsel claims in habeas proceedings. Under Strickland, a claim of ineffective assistance of counsel has two components. First, a defendant must show that his attorney’s performance was “deficient,” in that it “fell below an objective standard of reasonableness.” Strickland, 466 U.S. at 687-88, 104 S.Ct. 2052. Second, he must show that he was prejudiced by his attorney’s actions or omissions, by demonstrating that there is a “reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different.” Id. at 694,104 S.Ct. 2052.
Here, the Washington Supreme Court considered the second prong of Strickland: whether Crace’s counsel’s failure to request a jury instruction for a lesser included offense was prejudicial such that a “reasonable probability” existed that, if the instruction had been given, the result of the proceeding would have been different.
Notably, the question presented to the Washington Supreme Court differs from ineffective of assistance of counsel claims in which habeas petitioners allege that they have been prejudiced by their counsels’ failure to present certain evidence. In those instances, the relevant question is how the factual findings would have' been affected if defense counsel had introduced the additional evidence, considering the “totality of the evidence before the judge or jury.” Strickland, 466 U.S. at 695-96, 104 S.Ct. 2052. But Crace’s petition has nothing to do with the evidence presented in his case. He does not allege that he would have introduced any other evidence to support his innocence. He does not allege that the evidence was insufficient to support his conviction of attempted assault. Nor does he contend that the jury was erroneously instructed as to the law. Rather, he contends that the jury should have been provided additional law: his counsel failed to request a jury instruction on unlawful display of a weapon, a lesser included offense.[4] In this context, the Washington Supreme Court found there was no reasonable probability that the outcome would have been different had the lesser included offense instruction been given.
We, in turn, must determine, through the lens of AEDPA, whether the Washington Supreme Court’s decision was contrary to or an unreasonable application of Strickland. The majority does not hold that the state court decision was contrary to Strickland. Rather, the majority holds that the Washington Supreme Court’s decision was an unreasonable application of Strickland. Maj. Op. 843. Even if this were a close issue, Supreme Court authority compels us to defer to the state court decision. Davis v. Ayala, — U.S. -, 135 S.Ct. 2187, 2198, 192 L.Ed.2d 323 (2015) (citing Harrington v. Richter, 562 U.S. 86, 101, 131 *856 S.Ct. 770, 178 L.Ed.2d 624 (2011)). When evaluating a state court’s application of federal law, the ^Supreme Court instructs:
Under § 2254(d), a habeas court must determine what arguments or theories supported or [] could have supported, the state court’s decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court.
Harrington, 562 U.S. at 102; 131 S.Ct. 770; id. at 103, 131 S.Ct. 770 (“[T]he state court’s ruling on the claim ... [must be] so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.”).
The Washington Supreme Court’s decision is not objectively unreasonable. As the majority notes, the Washington Supreme Court relied on its previous decision in State v. Grier, 171 Wash.2d 17, 246 P.3d 1260 (2011) (en banc), cert. denied, — U.S.-, 135 S.Ct. 153, 190 L.Ed.2d 112 (2014). Grier interpreted Strickland as providing that when analyzing prejudice a reviewing court “should presume, absent challenge to the judgment on grounds of evidentiary insufficiency, that the judge or jury acted according to law.” Id. at 1272 (quoting Strickland, 466 U.S. at 694, 104 S.Ct. 2052). -In other words, Grier held that because the jury had returned a guilty verdict, the court was required to presume the jury had found each of the elements of second degree murder had been proven beyond a reasonable doubt. Id. at 1273.
Grier noted that Strickland’s holding that jurors are presumed to follow the law is in tension with Keeble v. United States, 412 U.S. 205, 93 S.Ct. 1993, 36 L.Ed.2d 844 (1973), which recognized that jurors may disregard the law. Grier, 246 P.3d at 1272-73. At issue in Keeble was whether an Indian prosecuted under the Major Crimes Act was entitled to a jury instruction on a lesser included offense when that lesser offense was not one of the crimes enumerated in the Act. 412 U.S. at 205-06, 93 S.Ct. 1993. The government argued that the Act prohibited inclusion of a lesser included offense instruction and also suggested that the defendant could actually benefit from the exclusion of a lesser included offense instruction, as the omission might result in acquittal. Id. at 209, 212-13, 93 S.Ct. 1993. The Court, however, held that the defendant was entitled to the lesser included offense notwithstanding its omission in the Act noting:
True, if the prosecution has not established beyond a reasonable doubt every element of the offense charged, and if no lesser offense instruction is offered, the jury must, as a theoretical matter, return a verdict of acquittal. But a defendant is entitled to a lesser offense instruction — in this context or any other— precisely because he should not be exposed to the substantial risk that the jury’s practice will diverge from theory. Where one of the elements of the offense charged remains in doubt, but the defendant is plainly guilty of some offense, the jury is likely to resolve its doubts in favor of conviction. In the case before us, for example, an intent to commit serious bodily injury is a necessary element of the crime with which petitioner was charged, but not of the crime of simple assault. Since the nature of petitioner’s intent was very much in dispute at trial, the jury could rationally have convicted him of simple assault if that option had been presented. But the jury was presented with only two options: convicting the defendant of assault with intent to commit great bodily *857 injury, or acquitting him outright. We cannot say that the availability of a third option — convicting the defendant of simple assault — could not have resulted in a different verdict.
Id. at 212-13, 93 S.Ct. 1993.
Thus, the Washington Supreme Court could reasonably find some tension in the Supreme Court guidance. Strickland holds that a court is to assume that the jury follows the law and, therefore, that juries only convict defendants if they find all elements of a crime beyond a reasonable doubt, while Keeble instructs that a defendant should not be exposed to the substantial risk that a “jury’s practice will diverge from theory” and “resolve its doubts in favor of conviction” where the only other option is acquittal. Keeble, 412 U.S. at 212-13, 93 S.Ct. 1993.
Grier resolved the tension between Strickland and Keeble in favor of Strickland, the more recent Supreme Court opinion. The Washington Supreme Court held that “Keeble is inapposite in the context of ineffective assistance of counsel” and “skews the Strickland standard” that presumes jurors follow the law. Grier, 246 P.3d at 1273. The court explained that the proposed instruction would have directed the jury not to consider a lesser included offense if it was convinced that the defendant was guilty of the greater offense. Id. at 1272-73. Thus, because the jury returned a guilty verdict on the greater offense of second degree murder, a proposed instruction on manslaughter would not have changed the result: Grier was not prejudiced. Id. at 1272-74. Applying Grier’s holding here, the Washington Supreme Court held that Crace had failed to demonstrate any prejudice from his counsel’s failure to request a second lesser included instruction on unlawful display of a weapon in light of his conviction of the greater offense, attempted assault. In re Crace, 280 P.3d at 1109.[5]
Similar positions have been espoused by the Supreme Court of Florida in Sanders v. State, 946 So.2d 953 (Fla.2006), reh’g denied, and by Judge Wilson of the Supreme Court of Missouri, albeit in a dissenting opinion, in McNeal v. State, 412 S.W.3d 886 (Mo.2013) (en banc), cert. denied — U.S. -, 134 S.Ct. 2292, 189 L.Ed.2d 173 (2014).[6] In Sanders, the Florida Supreme Court explained that “any finding of prejudice resulting from defense counsel’s failure to request an instruction on lesser-included offenses necessarily would be based on a faulty premise” that, *858 “if given the choice, a jury would violate its oath, disregard the law, and ignore the trial court’s instructions.” Sanders, 946 So.2d at 959. Because Strickland prohibits this type of speculation, the court held that the defendant was not prejudiced by a refusal to give an instruction of a lesser included offense.[7]
Our case presents a similar situation. Crace’s jury found him guilty of attempted assault. The only way a lesser included instruction for unlawful display of a weapon could have changed the outcome is if the jury improperly convicted him of attempted assault or if the jury would have convicted him of unlawful display of a weapon as an act of “leniency, grace, or other form of nullification.” See McNeal, 412 S.W.3d at 895 (Wilson, J., dissenting).
The majority and the Third Circuit disagree with the approach taken by the Washington Supreme Court, the Florida Supreme Court, and Judge Wilson in Missouri. See Maj. Op. and Breakiron v. Horn, 642 F.3d 126 (3d Cir.2011). But this only illustrates that fairminded jurists disagree on whether counsel’s failure to request a lesser included offense instruction prejudices the defendant. Therefore, the majority has not shown that the Washington Supreme Court’s ruling “ ‘was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.’ ” Davis, 135 S.Ct. at 2199 (quoting Harrington, 562 U.S. at 103, 131 S.Ct. 770). Far from it: fairminded jurists can and do disagree as to whether the failure to request an instruction on a lesser included offense can be prejudicial when the jury convicts on the greater offense and there is no question as to the sufficiency of the evidence.[8] As the Supreme Court has not reconciled the statements in Strickland and Keeble, it is not objectively unreasonable for the Washington Supreme Court to read Strickland as limiting Keeble. [9] See Har *859 rington, 562 U.S. at 105, 131 S.Ct. 770 (“The Strickland standard is a general one, so the range of reasonable applications is substantial.”).
The majority nonetheless suggests that the Washington Supreme Court’s decision was unreasonable because it converted Strickland’s prejudice inquiry into a sufficiency-of-the-evidence question prescribed by Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Maj. Op. -. The majority’s conclusion is based on the following text in the state court’s opinion:
Assuming without deciding that counsel was deficient, consistent with Grier, we cannot say in all reasonable probability that counsel’s error — failure to seek the lesser included offense — contributed to Crace’s conviction on attempted second degree assault. There was sufficient evidence from which a juror could conclude Crace committed this offense. Evidence established he intended to cause Deputy Hardesty fear and apprehension. RP at 143-45 (cross-examination of Crace suggesting that he rushed the deputy thinking Hardesty might be an assailant); RP at 208-17 (testimony from State’s psychologist suggesting Crace was not only capable of forming intent, but was also malingering, which might have undermined his credibility with the jury). Indeed, if failing to request the lesser-included instruction was deficient performance, it occurred during an otherwise strategic and tactically driven presentation by counsel. In light of the presumptions we recognized in Grier, it would be difficult to show prejudice in such a context, and Crace has failed to do so here.
In re Crace, 280 P.3d at 1109.
There is no dispute that the Washington court recited the correct Strickland standard at length in the preceding sections of the opinion. See, e.g., id. at 1106 (“Strickland arrived at a measure of prejudice that requires the defendant to show a ‘reasonable probability’ that but for counsel’s deficient representation, the outcome of the proceeding would have been different.”); id. at 1107 (“Strickland’s test is ultimately concerned with ‘the fundamental fairness of the proceeding whose result is being challenged.’ ” (quoting Strickland, 466 U.S. at 696, 104 S.Ct. 2052)); id. (“ ‘In every case the court should be concerned with whether, despite the strong presumption of reliability, the result of the particular proceeding is unreliable because of a breakdown in the adversarial process that our system counts on to produce just results.’” (quoting Strickland, 466 U.S. at 696,104 S.Ct. 2052)).
In its application of Strickland, the Washington Supreme Court considered the sufficiency of the evidence against Crace for attempted assault and concluded it was presumptive evidence that Crace could not show a reasonable probability of a different outcome if the jury had been instructed on the lesser included offense of unlawful display of a weapon. The court’s review of the sufficiency of the evidence supporting Crace’s conviction is not inconsistent with Strickland; to the contrary, the court would have been remiss if it did not evaluate the sufficiency of the evidence supporting the verdict. See Strickland, 466 U.S. at 695-96, 104 S.Ct. 2052 (“[A] *860 court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury----[A] verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support.”). Thus, the Washington court’s consideration of the sufficiency of the evidence is not enough to overcome the presumption that the court knew and followed the applicable clearly established law. See Woodford v. Visciotti, 537 U.S. 19, 24, 123 S.Ct. 357, 154 L.Ed.2d 279 (2002) (per curiam) (holding that a “readiness to attribute error is inconsistent with the presumption that state courts know and follow the law”); see also Woods v. Donald, — U.S. -, 135 S.Ct. 1372, 1376, 191 L.Ed.2d 464 (2015) (per curiam); Poyson v. Ryan, 743 F.3d 1185, 1198-99 (9th Cir.2013), cert. denied, — U.S.-, 134 S.Ct. 2302, 189 L.Ed.2d 201 (2014); Lopez v. Schriro, 491 F.3d 1029, 1037 (9th Cir.2007), cert denied, 552 U.S. 1224, 128 S.Ct. 1227, 170 L.Ed.2d 140 (2008). Accordingly, I would hold the court’s decision was a reasonable application of Strickland.[10]
As Supreme Court authority compels deference to the decision of the Washington Supreme Court, I would reverse the district court’s grant of habeas relief.[11]
Ill
The reasonableness of the Washington Supreme Court’s perspective is buttressed by the fact that the jury was presented with one lesser included offense instruction. This enhances the verdict’s reliability and compels the conclusion that the Washington Supreme Court decision was not unreasonable. See Beck v. Alabama, 447 U.S. 625, 636, 100 S.Ct. 2382, 65 L.Ed.2d 392 (1980); Schad v. Arizona, 501 U.S. 624, 645-47, 111 S.Ct. 2491, 115 L.Ed.2d 555 (1991). Beck concerned an Alabama statute that precluded giving the jury any lesser included offense instructions in capital cases. Id. at 628-29, n. 3, 100 S.Ct. 2382. The Court invalidated the statute, holding that due process entitles a defendant to a lesser included offense instruction in a capital case to protect against the risk of an unwarranted conviction. Id. at 637, 100 S.Ct. 2382 (“Such a risk cannot be tolerated in a case in which the defendant’s life is at stake.”).
The Court subsequently limited Beck’s reach in Schad, holding that, even in a capital case, a defendant is not entitled to *861 every lesser included offense jury instruction supported by the evidence. 501 U.S. at 645-47, 111 S.Ct. 2491. In Schad, the habeas petitioner was charged with and convicted of first degree murder and was sentenced to death. Id. at 629, 111 S.Ct. 2491. Although the jury was instructed on a lesser included offense of second degree murder, the petitioner argued that he was entitled to a jury instruction for a second lesser included offense, robbery. Id. at 629, 645, 111 S.Ct. 2491. The Court rejected this argument, explaining that the defendant was not faced with an “all-or-nothing” situation where the jury had to convict him of a capital crime or acquit him.
The goal of the Beck rule, in other words, is to eliminate the distortion of the factfinding process that is created when the jury is forced into.an all-or-nothing choice between capital murder and innocence. This central concern of Beck simply is not implicated in the present case, for petitioner’s jury was not faced with an all-or-nothing choice between the offense of conviction (capital murder) and innocence.
Id. at 646-47, 111 S.Ct. 2491 (internal citations and quotation marks omitted). Schad’s theory of defense at trial was that he merely stole the victim’s property but did not murder him. He complained that refusing a lesser included instruction for robbery or theft deprived the jurors of the “opportunity to return a verdict in conformity with their reasonable view of the evidence.” Id. at 647, 111 S.Ct. 2491. The Court rejected this argument:
[T]he fact that the jury’s “third option” was second-degree murder rather than robbery does not diminish the reliability of the jury’s capital murder verdict. To accept the contention advanced by petitioner and the dissent, we would have to assume that a jury unconvinced that petitioner was guilty of either capital or second-degree murder, but loath to acquit him completely (because it was convinced he was guilty of robbery), might choose capital murder rather than second-degree murder as its means of keeping him off the streets. Because we can see no basis to assume such irrationality, we are satisfied that the second-degree murder instruction in this case sufficed to ensure the verdict’s reliability.
Id. Thus, following Schad, once one lesser included offense instruction is given, the risk of a compromise verdict is diminished. See Murtishaw v. Woodford, 255 F.3d 926, 955 (9th Cir.2001) (“Beck does not require trial courts to provide sua sponte instructions on each theory that could justify a lesser included offense. Rather, it merely requires courts to provide instructions on the lesser included offenses, thus preventing the State from forcing juries to make an ‘all or nothing’ choice between acquittal and capital murder.”); cf. People v. Horning, 34 Cal.4th 871, 22 Cal.Rptr.3d 305, 102 P.3d 228, 252 (2004) (“ ‘Beck’s principles [are] satisfied if the jury [i]s provided some noncapital third option between the capital charge and acquittal.’ ”) (quoting People v. Sakarias, 22 Cal.4th 596, 94 Cal.Rptr.2d 17, 995 P.2d 152 (2000)).
Keeble, Beck, and Schad support the conclusion that Crace’s conviction for attempted assault was not a compromise verdict. Crace’s jury was not presented with an “all-or-nothing choice” between conviction and innocence. Rather, Crace’s jury was instructed on a number of potential verdicts, including the greater offense of assault and the lesser included offense of attempted assault, as well as malicious mischief and trespass. The jury’s mixed verdict, acquitting Crace of assault, but finding him guilty of attempted assault, mischief, and trespass suggests that it had *862 no misgivings about acquitting Crace when it deemed appropriate to do so.[12]
Moreover, Crace’s counsel’s failure to request a second lesser included offense instruction for unlawful display of a weapon was not prejudicial because the jury was not presented with the all-or-nothing choice contemplated in Keeble and Beck. As the Supreme Court held in Schad, where a jury has been instructed on both a greater and lesser included offense, the conviction is reliable. 501 U.S. at 647-48, 111 S.Ct. 2491.[13] Reliability is the touchstone of Strickland’s prejudice analysis. Williams v. Taylor, 529 U.S. 362, 393 n. 17, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000) (Strickland’s prejudice component “focuses on the question [of] whether counsel’s deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair”); cf. Kyles v. Whitley, 514 U.S. 419, 434, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995) (“The question is not whether the defendant would more likely than not have received a different verdict with the evidence, but whether in its absence he received a fair trial, understood as a trial resulting in a verdict worthy of confidence.”). Thus, there is no basis under Strickland to conclude that if Crace’s counsel had requested another lesser included offense instruction, the jury would have returned a different verdict.
Even if I could agree that defense counsel’s failure to request a jury instruction for one lesser included offense created a reasonable probability that the outcome could be different, I cannot agree with the majority that defense counsel’s failure to request a second lesser included offense instruction created a reasonable probability that the outcome would have been different. Taken to its logical conclusion, defense counsel would be obligated to request all potentially relevant lesser included offense instructions to avoid a compromise verdict. Therefore, I would hold that Crace has not shown that the Washington Supreme Court decision was unreasonable.
IY
The majority’s reluctance to accept that counsel’s failure to request an instruction on the lesser included offense of unlawful display of a. weapon may reasonably be considered harmless may stem from the stark fact that attempted assault is a felony while unlawful display of a weapon is a misdemeanor and, thus, not a “strike” under Washington’s three strikes law. But the jury did not know the sentencing consequences of its verdict on the various charges. Nor is there any suggestion that if the jury had been provided with an instruction for the lesser included offense of unlawful display of a weapon that the jurors would have understood that charge to be a misdemeanor.[14] Washington law *863 prohibits a jury from considering matters related to sentencing in non-capital cases. See State v. Hicks, 163 Wash.2d 477, 181 P.3d 831, 836 (2008) (en banc) (“[Wjhere the jury has no sentencing function, it should not be informed on matters that relate only to sentencing.”); see also Shannon v. United States, 512 U.S. 573, 579, 114 S.Ct. 2419, 129 L.Ed.2d 459 (1994) (“[Pjroviding jurors sentencing information invites them to ponder matters that are not within their province, distracts them from their factfinding responsibilities, and creates a strong possibility of confusion”). In accordance with these' principles, Crace’s jury was instructed:
You have nothing whatever to do with any punishment that might be imposed in case of a violation of the law. The fact that punishment may follow conviction cannot be considered by you except insofar as it may tend to make you careful.
You are officers of the court and must act impartially and with an earnest desire to determine and declare the proper verdict. Throughout your deliberations you will permit neither sympathy nor prejudice to influence your verdict.[15]
Thus, the fact that Crace’s conviction for attempted assault was a felony that triggered Washington’s three strikes law neither undermines the jury’s verdict nor provides any support for the argument that the verdict would have been different if the jury was been instructed on another lesser included offense that was a misdemeanor.
The wisdom of Washington’s three strikes law is not before us, nor are we called upon to determine the correctness of the Washington Supreme Court’s interpretation of Strickland and Keeble. Rather, pursuant to AEDPA, we are limited to inquiring whether the Washington . Supreme Court’s decision is unreasonable. Davis, — U.S. at-, 135 S.Ct. 2187. I would find the Washington court’s interpretation of U.S. Supreme Court opinions neither contrary to nor an unreasonable application of clearly established law. Fairminded jurists may conclude that the jury’s conviction of Crace on the lesser included offense of attempted assault on sufficient evidence renders his counsel’s failure to seek an instruction on another lesser included offense harmless.
Accordingly, I respectfully dissent.

.In November 1993, Washington state voters approved Initiative 593, commonly referred to as the "three strikes law.” The law requires trial courts to sentence "persistent offenders” to life imprisonment without possibility of parole. A "persistent offender” is defined as one convicted of three felonies considered a "most serious offense” under the Revised Code of Washington § 9.94A.570. Despite vigorous debate about the wisdom of three strikes laws, the law has been upheld against constitutional challenge. See, e.g., State v. Manussier, 129 Wash.2d 652, 921 P.2d 473 (1996) (en banc) (holding three strikes law is constitutional), cert. denied, 520 U.S. 1201, 117 S.Ct. 1563, 137 L.Ed.2d 709 (1997); State v. Thorne, 129 Wash.2d 736, 921 P.2d 514 (1996); and State v. Rivers, 129 Wash.2d 697, 921 P.2d 495 (1996).

. On direct appeal, Crace challenged the sufficiency of the evidence of his attempted assault conviction. The Washington Court of Appeal upheld his conviction, reasoning that a jury could reasonably conclude that Crace intended to hurt the officer or to instill fear of harm in him. State v. Crace, 128 Wash.App. 1021, 2005 WL 1540894 (2005) (unpublished). The court also noted that he had waived objections to the second and third definitions of assault. Id. at *6. Crace has not challenged these rulings in his habeas petitions.

. Respondent-Appellant is Robert Herzog, the Superintendent of the Monroe Correctional Complex in Monroe, Washington.

. As discussed in Part III, a jury instruction for unlawful display of a weapon would have been Crace’s second jury instruction on a lesser included offense, as the jury was already instructed on attempted assault.

. Strickland informs us that if the petitioner challenges the sufficiency of the evidence, then jurors are no longer presumed to follow the law. 466 U.S. at 694, 104 S.Ct. 2052. Although Crace challenged the sufficiency of evidence on direct appeal, he did not renew that argument in his habeas petitions. Additionally, no direct evidence suggests that the jury did not follow the law here.

. Judge Wilson ably explained in his dissent in McNeal:
Because McNeal’s jury found him guilty of burglary ... there are only two ways to conclude that this lesser-included offense instruction likely would have changed the outcome.... They are: (1) that the jury did not believe the evidence was sufficient to prove McNeal guilty of burglary beyond a reasonable doubt but, because it was placed in an all-or-nothing position by the absence of the trespass instruction, the jury improperly convicted McNeal despite its oath and the court's instructions, or (2) that the jury did believe the evidence was sufficient to prove McNeal guilty of burglary beyond a reasonable doubt but, if it had been given the lesser-included- offense instruction, the jury would have improperly ignored the evidence (as well as its oath) and convicted McNeal of the lesser offense as an act of leniency, grace, or other form of nullification.
McNeal, 412 S.W.3d at 895 (Wilson, J. dissenting).

. The Eleventh Circuit, in an unpublished decision, has held that the Florida Supreme Court’s reasoning in Sanders was not an unreasonable application of Strickland. Santiago v. Sec'y, Fla. Dept. of Corr., 472 Fed.Appx. 888, 889 (11th Cir.2012).

. A preliminary count reveals that judges who have considered this issue — whether the failure to request an instruction on a lesser included offense can be prejudicial when the jury convicts on the greater offense — are equally divided. At least 16 judges would find that the petitioner has not shown a reasonable probability that but for counsel’s failure to request a lesser included offense instruction, the outcome of the proceeding would have been different. See discussion infra; In re Crace, 280 P.3d at 1109-10 (seven judges in the majority); In re Crace, 236 P.3d at 933 (one judge dissenting); Sanders, 946 So.2d at 960 (five justices concurring in opinion); McNeal, 412 S.W.3d at 893 (two judges dissenting). But at least 16 others judges would.' See Maj. Op.; Crace v. Herzog, No. C12-5672 RBL/KLS, 2013 WL 3338498 (W.D.Wash. July 2, 2013) (district judge adopting magistrate judge's recommendation of grant of habeas relief); In re Crace, 280 P.3d. at 1110 (two Washington Supreme Court justices dissenting); In re Crace, 236 P.3d at 933 (two Washington appellate judges in majority); Breakiron, 642 F.3d at 128 (three circuit judges); McNeal, 412 S.W.3d at 893 (five judges in majority). Although not dispositive, the fact that so many other conscientious jurists have reached the same conclusion as the Washington Supreme Court certainly bears some relevance as to whether the state court’s reasoning was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.” Harrington, 562 U.S. at 103, 131 S.Ct. 770.

.A somewhat similar, and. hence instructive, situation confronted the Supreme Court in Lockyer v. Andrade, 538 U.S. 63, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003), in which the Court held that it had not established a "clear or consistent path for courts to follow” in determining "whether a particular sentence for a term of years can violate the Eighth *859 Amendment.” Id. at 72, 123 S.Ct. 1166. Because the precise contours of the Eighth Amendment’s disproportionality principle were unclear, it was not objectively unreasonable for the California Court of Appeals to conclude that a three strikes sentence of 50 years to life for petty theft was not grossly disproportionate. Id. at 70, 75-77, 123 S.Ct. 1166.

. The majority's concern that the Washington Supreme Court created a categorical rule such that no prejudice can ever be found for failing to request a lesser included offense instruction if there is sufficient evidence of the greater offense is overstated. See Maj. Op. 849-50. First, the court’s language disclaims a categorical rule: "in light of the presumptions we recognized in Grier, it would be difficult to show prejudice in such a context, and Crace has failed to do so here." In re Crace, 280 P.3d at 1109 (emphasis added). Second, even if the Washington Supreme Court was creating a categorical rule, such a rule may be sound in these limited circumstances in which the only error Crace asserts is that his counsel did not request a jury instruction on a second lesser included offense when the jury was already instructed as to one lesser included offense. See also infra Part III.

. To be sure, some of my colleagues disagree with the Court’s interpretation of AEDPA. See, e.g., Stephen R. Reinhardt, The Demise of Habeas Corpus and the Rise of Qualified Immunity: The Court’s Ever Increasing Limitations on the Development and Enforcement of Constitutional Rights and Some Particularly Unfortunate Consequences, 113 Mich. L.Rev. 1219 (2015). But even those colleagues concede that we are "bound to follow [the Court’s] rulings ... because the system of law that we so admire and respect contains a hierarchy in which the Supreme Court rests at the top.” Id. at 1254.

. Indeed, the jury's inability to reach a verdict on assault may be the result of the jury rejecting Crace's defense that he lacked the requisite intent required for both assault and attempted assault, and instead determining that the government had not shown the required actus reus for assault.

. The majority dismisses Schad as a due process case that did not squarely address ineffective assistance of counsel, but neither did Keeble. In any event, the point is that Schad and Keeble shed light on the question of whether the absence of a second lesser included offense instruction renders Crace’s verdict unreliable. While the majority concludes to the contrary, I would defer to the Washington Supreme Court’s reconciliation of Keeble and Strickland in light of Beck and Schad.

.Apparently one juror on Crace’s jury wrote an article in a local newspaper about the experience, and said that she "came to consider the possibility that Mr. Crace was facing a third strike”- because she "had read about the law and understood the process.” She, however, “did not discuss [her third strike *863 theory] with anyone else.” In re Crace, 236 P.3d at 922.

. There is no indication that Crace objected to this instruction.